MARTIN LOTZ *v* FOLGER & LOTZ.—BRENNEN et als., Opponents.

*An exception relating to the form of the action can not be plead after answering to the merits.*
*The prescription mentioned in Articles 1982, 1989 of the Civil Code relate to revocatory actions*
*alone and not to simulated contracts.*

APPEAL from the Fifth District Court of New Orleans, *Augustin,* J.
*Rosier,* for plaintiff and appellant. *H. D. Ogden* and *F. Haynes,* for defendants.

BUCHANAN, J., (OGDEN, J., absent.) The plaintiff sued the defendants by the via executiva upon two notes amounting to $750 secured by a vendor's mortgage, to which he alleged that he had been subrogated. The property mortgaged was seized and sold by the Sheriff. It was adjudicated to plaintiff himself for $2,400, and plaintiff claimed to retain in his hands the balance of the price in satisfaction *pro tanto* of a special mortgage of $2,000, held by him, and which figured upon the certificate of mortgages as second to that on which the property was sold. Three parties, holders of judicial mortgages later in date than the two thousand dollar mortgage of plaintiff, filed third oppositions, claiming to be paid in preference to plaintiff, on the grounds that the vendor's mortgage was extinguished by payment; that the plaintiff was never subrogated to the vendor's mortgage, as he had pretended; and that his own special mortgage was a mere simulation, fraudulently contrived to cover the property of defendants from bona fide creditors. The plaintiff and defendants separately joined issue with the third opponents, pleading a general denial, and specially avering the good faith and reality of the claims of plaintiff. This issue was set for trial; and on the day fixed for the trial of the same, plaintiff filed the following exceptions:

1st. That the petitions of the opponents set forth no legal ground for the third opposition and were contradictory pleas.

2d. The prescription of one year.

The court below did not err in overruling these exceptions. The first was filed too late, being an exception of form, pleaded after answering to the merits. The second, the plea of prescription, is founded upon the Articles 1982 and 1989 of the Code, which relate to revocatory actions: the prescription of which does not apply, as has been frequently decided, to cases of simulated contracts. 1 Ann. 132; ibid 262; 3 Ann. 627; 4 Ann. 400.

On the merits we agree with the District Judge that the special mortgage for two thousand dollars, granted by defendants to plaintiff on the 1st March, 1852, was simulated; and consequently that the plaintiff has no right to retain in his hands the balance of the price of adjudication remaining after satisfaction of the executory process issued herein, to the prejudice of the opponents and appellees.

Judgment affirmed, with costs.