NOLAN STEWART, Executor, *v.* JOHN B. SCUDDER et als.

The Citizens' Bank having seized and sold the property of the defendant on a credit of twelve months, and it having produced a larger sum than the debt, a bond for the balance was given to the sheriff, which, in his return upon the writ under which he sold, he states he holds subject to the further order of the court in the present suit. This suit is a revocatory action to annul judgments. and to impeach a tutor's account for fraud; it is coupled with a prayer for an interlocutory order to the sheriff to retain in his hands the surplus proceeds of the reputed sale in the Citizens' Bank suit, which order was granted by the District Judge *ex-parte.* The defendants filed an answer, denying the frauds charged, and setting up their claims. Subsequently, a consent was entered as follows : " Continued with understanding that the twelve months' bond is to remain unexecuted until decision."

*Held :* 1. That an entry of record by the counsel, " Continued with understanding that the twelve months' bond is to remain unexecuted," is an agreement not to issue execution on the twelve months' bond.

2. That after the cause has been at issue on the merits for more than two years, an exception, that summary proceedings to obtain payment by preference out of funds of a judicial sale are improperly coupled with a revocatory action, is filed too late to be entertained.

3. The answering to the merits upon the charge of fraud, coupled with the agreement regarding the bond, is a waiver of technical objections.

4. The answer is a waiver of objections as to misjoinder of parties and improper cumulation of various matters in the petition.

APPEAL from the District Court of East Baton Rouge, *Cooley,* J. *R. & H. Marr,* for plaintiff and appellant. *Dunn & Lacy,* for defendant.

SLIDELL, C. J. The plaintiff is the executor of the will of *James McCalop,* whose succession is a large creditor of *John B. Scudder.* The defendants are *John B. Scudder* and his wife, *T. J. Bird* and *Lavinia* his wife, and *Gilbert M. Thomas,* a minor ; *Lavinia* and *Thomas* being the children of Mrs. *Scudder* by a former marriage.

The Citizens' Bank had seized *Scudder's* property mortgaged to it; Mrs. *Scudder* and Mrs. *Bird* had also levied executions upon it; and on the eve of the sale this suit was instituted. The plaintiff, not disputing the Bank's mortgage and right to sell, asserts a right to be paid out of the residue of the proceeds of the approaching sale, superior to any pretensions of Mrs. *Scudder,* of Mrs. *Bird,* and of *Gilbert M. Thomas.* He predicates this superiority on various grounds arising out of the acquisition of the property by *Scudder,* antecedent incumbrances which he had paid with subrogations, and other alleged equities. He also charges that the judgments obtained by Mrs. *Scudder* and Mrs. *Bird* were collusive and fraudulent, and that the accounts rendered by *Scudder,* as co-tutor of *Lavinia* and *Gilbert,* were also collusive and fraudulent. He asks citations in the ordinary form, and a decree annulling the judgments rendered in favor of Mrs. *Scudder* and Mrs. *Bird,* declaring any claims by them or *Gilbert* inferior in rank to his, and that the proceeds of sale, after satisfying the mortgage to the Citizens' Bank, be paid to him as executor. With the above prayer was also coupled a prayer for an interlocutory order, commanding the sheriff to retain in his hands the surplus of the proceeds of the expected sale, after paying the Citizens' Bank, which order the District Judge granted *ex-parte,* and without requiring a bond.

The sale took place on the 3d April, 1852. *Bird* bought the property for $35,000, at twelve months' credit, settled the Citizen's Bank debt, costs and charges, by separate bonds, and gave his bond to the sheriff at twelve months

STEWART
v.
SCUDDER.

for $19,213 62-100, the balance of the price, which bond the sheriff, in his return of the writ in the suit of the Citizens' Bank, says he holds subject to the further order of the court in the suit of *Stewart*, Executor, v. *Scudder*—the present action. This return bears date 14th April, 1852. The sheriff's deed to *Bird* is dated 3d April, 1852, and was recorded 8th April, 1852.

The Citizens' Bank was not made a party to this cause : and the surplus of the price is the subject of this controversy.

On the 15th April, 1852, Mrs. *Scudder*, *Bird* and wife, and *Gilbert*, by his tutor, filed a joint answer, denying the allegations of the petition, and setting up their respective claims. Mrs. *Scudder* claimed the amount of her judgment with interest, and tacit mortgage from 5th March, 1843. Mrs. *Bird* claimed the amount of her judgment and interest, with tacit mortgage from the same date ; and a claim was made for the minor *Gilbert*, with tacit mortgage, in virtue of an account rendered by *Scudder*, as former co-tutor with his wife. *Scudder* also answered, acknowledging his indebtedness to the plaintiff, but partially denying the charges of fraud.

On the 16th April, 1852, by written consent of counsel for plaintiffs and defendants, the following entry was made of record in this cause : "Continued with understanding that the twelve months' bond is to remain unexecuted until decision."

By the expression "to remain unexecuted," we understand an agreement that no execution should issue on the bond which had already been signed by *Bird* and his sureties, and delivered to the sheriff.

It was not until the 19th December, 1854, after the cause had been at issue on the merits for more than two years, that the defendants filed exceptions suggesting, in substance, that the plaintiff had improperly coupled a summary proceeding, to be paid by preference out of the proceeds of a judicial sale, with a revocatory action to annul the judgments held by defendants; and prayed that so much of the petition as sought to annul the judgment might be stricken out, or that the plaintiff be compelled to elect on which issue the cause should be tried. The court below compelled the plaintiff to elect whether he would try the cause as a revocatory action, on a charge of fraud and collusion, or as a summary proceeding at the suit of a third person claiming to be paid by preference the proceeds of a sale by superior privilege. The plaintiff, taking a bill of exceptions, and under the coercion of the ruling, elected the latter.

We think the Court erred. Although the suit, in some of its features, partakes of the nature of a third opposition, it was nevertheless intended by the plaintiff as an independent suit, a revocatory action in which the plaintiff attacked the judgment and the tutor's accounts for fraud. It was so treated by the defendants, as shown by their answers taking issue on the merits, and without exception. It may be conceded there was irregularity on the part of the plaintiff in asking, and on the part of the judge in granting, in an independent suit of this sort, an order arresting the surplus proceeds in the sheriff's hands, without bonds; and we are not prepared to say that if objections had been made *in limine*, the plaintiff might not have been justly put to his election. But the answer to the merits upon the charges of fraud, &c., which gave the proceedings the character of an independent and revocatory action, and not of a mere third opposition under the Code of Practice, coupled with the agreement respecting the fund made on the 16th April, 1852, must be justly considered as waiving the technical objections. The answer must also be considered

28

STEWART
v.
SCUDDER.

as waiving any objections to the joinder of parties and the cumulations of the various matters set up in the petition; which, however, it must be observed, all tend to one result, the establishment of a better right to the fund in controversy than the defendants have.

The circumstances which distinguish this case from *Bank of Louisiana* v. *Debuy*, 2 Annual, 649, cited by defendants, are too obvious to require comment.

It is therefore decreed that the judgment of the District Court be reversed, the exceptions dismissed, and the cause remanded for further proceeding according to law, and with leave to defendants to ask a trial by jury—the defendants to pay the costs of the appeal.