## H. W. R. JACKSON *v.* F. & J. B. SCHMIDT.

To exempt the proprietor and undertaker from the charge of negligence and liability for damages caused by the falling of the wall of a house in course of demolition, the notice of danger required by law to be given in such cases must be of such a character as to put the party injured *in fault.*

When it is contended that a *barricade* had been erected, it must be shown that it was an actual obstruction to passage, in order to constitute sufficient notice or warning of the impending danger, and thereby exonerate the proprietor from responsibility in case any one is injured by the falling of the wall, or any part of the materials composing it.

When in such a case the proprietor, through an error of judgment, had not given *sufficient* notice, vindictive damages should not be allowed.

APPEAL from the Fourth District Court of New Orleans, *Price, J.*
     *W. D. Hennen & J. B. Lyman*, for plaintiff.    *C. Roselius & G. LeGardeur*, for defendants and appellants.

LAND, J. This suit was commenced for the recovery of twenty thousand dollars damages for bodily injuries, in consequence of the falling of the wall of a house on Poydras Street, in this city, received by the plaintiff, on the morning of the 15th of August, 1857.

*J. B. Schmidt* is sued as the owner of the house, and *Francis Schmidt* as the agent who personally supervised and assisted in its demolition. The plaintiff obtained a verdict and judgment for ten thousand dollars, and the defendants have appealed. They contend :

First. That the law requires simply, that a *warning* or *notice* should be given to the public, of the danger of approaching a house, or other building in course of demolition, and exonerates the owners or undertakers from all liability, when that warning or notice has been given.

Secondly. That the evidence shows affirmatively, that the defendants had given the notice or warning required by law.

Thirdly. That the damages are extravagant and excessive.

I. The defendants concede that in a case like this, to-wit, of the demolition of a building in a city, that if the owner or undertaker have taken no precautions whatever to put the public upon their guard ; but on the contrary, have suffered them to pass and repass, without any warning or notice of the impending danger, and an accident should happen, the owner and undertaker would clearly be responsible for the consequences of the accident.

The question first presented is, therefore, one of fact and of law, to-wit : was a notice or warning given at all, and if given, whether it was such as required by law ?

The defendants contend, that there was on each side of the house a plank placed across the banquette from the angle of the building to the gutter, and that this was a sufficient warning to all persons of ordinary prudence, that there was some danger to be avoided. Upon this question of fact, the evidence, if not contradictory, is not all affirmative. Several of the witnesses swore that they saw no barricades, and met with no obstructions on the banquette, in front or near the building which was being demolished.

Granting the existence of the plank at the corners of the building, was it such a notice or warning of the danger to be apprehended, as the defendants should have given ?

It appears that the plank was placed in an oblique or slanting direction from the wall of the house to the verge of the gutter, and that it could *be passed under near the wall of the house*, and *stepped over near the verge of the gutter*.

The law has not declared what notice shall be sufficient to exempt the proprietor or undertaker, in a case like the present, from liability for damages caused by the falling of a wall of a house in course of demolition, or of any part of the materials composing it.

In such a case, the *notice of danger* must be of *such a character* as to put the party injured *in fault*, and exonerate the proprietor from the *charge of negligence* or want of due care.

In a populous city, and on a crowded thoroughfare, the notice or warning, on which defendants rely, was insufficient in law to exempt them from liability. The planks or boards were placed *in such a manner*, that they could be *passed under*, near the wall of the building, and *passed over*, near the verge of the gutter, *with little*, or *no inconvenience*, or *trouble*.

In our opinion, it is not necessary for a proprietor who is demolishing, or erecting the walls of a building, to cause *impassable barricades* to be constructed ; but it is necessary, in such a case, that the *barricade* should form an *actual obstruction* to passage, and cause *delay, inconvenience*, or *trouble*, to those passing by the building, *in order to constitute notice* or *warning* of the impending danger, and

JACKSON
*v.*
SCHMIDT.

thereby to exonerate the proprietor from responsibility for the damages denounced against him by Art. 666 of the Civil Code, which is in these words :

" Every one is bound to keep his buildings in repair, so that neither their fall nor that of any part of the materials composing them, may injure the neighbors or passengers, under the penalty of all losses and damages which may result from the neglect of the proprietor in that respect."

This view of the case disposes of the first and second grounds, on which defendants rely for a reversal of the judgment.

The third ground is, that the damages are extravagant and excessive.

The defendants were guiltless of any intention to injure the plaintiff, and took insufficient steps to warn him and others of the danger of passing along the wall of the building. The negligence with which they are charged seems to have been as much the result of an error of judgment, as to the sufficiency of the warning or notice given, as of any culpable omission of duty. And as a misfortune has happened which they unwisely *in modo* sought to prevent, we are of opinion that the damages are excessive, and should be reduced. This is not a case in which *vindictive damages* should be allowed—but only actual damage or loss. We are of opinion that five thousand dollars will cover all the actual damage sustained by the plaintiff.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be amended ; and that instead of ten thousand dollars, it is ordered, adjudged and decreed, that the plaintiff do have and recover of the defendants *in solido* the sum of five thousand dollars, and costs in the lower court. And it is further ordered and decreed, that plaintiff pay the costs of the appeal.