BREAUX, C. J.
This action is first possessory, and, in the alternative, petitory.
Plaintiff claims to have been in actual physical possession of the property over one year, and that its land has been trespassed upon by defendant, who has cut its trees and removed its cypress timber on its lands and was taking them out of the jurisdiction of the court. The value of the trees is fixed at $6,000.
Plaintiff asked for a writ of sequestration to issue to prevent defendant from continuing his trespassing. It also asked for an injunction to prohibit defendant from entering upon its lands.
Defendant excepted on the ground that plaintiff had cumulated in its suit the two different actions, possessory and petitory; that they cannot be cumulated even in the alternative. Defendant also pleaded vagueness, no right in plaintiff in a possessory action to a writ of sequestration, nor to a suit in damages ex delicto; furthermore, that the petition discloses no cause of action.
The court sustained all of the exceptions and dismissed the suit. Plaintiff has appealed.
[1] There was no good ground to dismiss the whole suit. If plaintiff alleged too much and sought to avail itself of demands not cumulative, it had the right at least to one of its demands, and defendant’s remedy was to compel it to elect upon which demand it would continue its suit. The rules of practice provide for that defense and for dismissal of the action in case the plaintiff chooses not to elect. Code of Practice, art. 152.
[2] If plaintiff has possession of the property as it alleged, it was sufficient to maintain its action as relates to possession. Although it may have added a conflicting action alternatively, that of itself should not be sufficient to deny to it the possessory action. We do not think in the alternative that it should be deprived of its petitory action if it is entitled to that action instead of the possessory action.
The defendant urged, and the court sustained, that plaintiff has no right to a writ of sequestration in a possessory action. The right to a sequestration is conferred by article 567 of the Code of Practice. If sequestration be necessary to protect possession, what good reason can there be to deny' to plaintiff that right? And, for the same reason, the plaintiff should have the right to a writ of injunction.
Plaintiff has brought his action sufficiently , within the rules of practice to entitle him to escape from the fate of dismissal.
For reasons stated, the judgment of the district court is annulled, avoided, and reversed; the case to be remanded and reinstated for trial in the district court; also, a writ of sequestration and a writ of injunction. The trial to be proceeded with in accordance with the views herein expressed. Costs of appeal to be paid by defendant and appellee.