SOMMERVILLE, J.
Plaintiff claims to be the owner, and to be in possession of, a certain described tract of land, which he alleges the defendant has entered and committed depredations upon, and has taken timber and cross-ties from; and he asks for judgment accordingly.
Defendant excepts that plaintiff’s petition contains inconsistent démands and pleas; that the petition is vague and uncertain; that a writ of sequestration cannot issue in aid of right claimed under a possessory action; and, lastly, that the petition discloses no cause or right of action. The court maintained defendant’s exceptions and dismissed the suit. Plaintiff has appealed. As the first three exceptions are dilatory in their nature, and no immediate dismissal of the suit could flow therefrom, we will not notice them here, for the reason that the court must have concluded that the petition disclosed no cause or fight of action to have dismissed the suit, without giving plaintiff an opportunity to have amended his petition, or to have elected which one of two or more inconsistent demands he would proceed with.
The first three exceptions are discussed and disposed of in the opinion this day handed down in No. 19,261, Baldwin Lumber Co. v. Max Delfares, 130 La. 712, 58 South. 519.
We are of the opinion that the plaintiff’s petition discloses a cause or right of action, and that the judgment appealed from must be reversed. The petition clearly sets forth that plaintiff is the owner and in possession of the land described, and that defendant has disturbed him in his possession by entering thereupon surreptitiously and taking therefrom certain timber which it has converted into shingles and cross-ties, which it has removed from the land in question, and that defendant owes him several thousand dollars therefor. He further alleges that some of the cross-ties made by the defendant are still on the ground, while others are in transit, for the purpose of being shipped to some other place. He asks that these cross-ties be sequestered. He alleges that defendant should be enjoined from committing other depredations upon his land, and he asks that an injunction issue to that end. The petition presents several distinct causes of action, but there is no good reason why they may not be joined together in one petition; and, after having been thus joined, the petition clearly presents those causes of action. In his prayer, plaintiff asks that the writs of sequestration and injunction be perpetuated after trial; that he be declared to be the owner of the cross-ties which are cut and remain on the land, as well as those which are in course of shipment; and that he be quieted in the possession of said land. He further asks for a moneyed judgment in damages for the timber which has been removed by defendant and converted into shingles and cross-ties. He then proceeds to ask, in the alternative, that in the event the court should find that he was not in actual possession of the land at the time that defendant entered upon and depredated same, that he be recognized as the owner, and quieted in his possession and title thereto.
The judgment appealed from is annulled, avoided, and reversed, and this case is remanded to the trial court, to be there proceeded with in accordance with law.