LAND, J.
These suits have been twice dismissed on exceptions. The first judgments were reversed by this court, and the cases were remanded for further proceedings according to law. See 130 La. 712, 58 South. 519, and 130 La. 714, 58 South. 520. After the cases were remanded, the defendant answered, pleading the general issue. These answers were filed on June 10,1912. On February 3, 1913, defendant filed an exception that the causes of action were inconsistent, and that plaintiffs should be ordered to elect between the possessory and the petitory action. The plaintiffs were ordered to elect, and, declining to do so, their suits were dismissed. Plaintiffs have appealed.
The exception of inconsistency is dilatory, as its effect is to retard further proceedings *667 until the plaintiff has made his choice as to which of the two causes of action he means to proceed with. O. P. art. 152. Dilatory exceptions must be pleaded in limine litis. O. P. art. 333. The same rule applies to peremptory exceptions founded on form. C. O. P. art. 344. In Gribble v. McKleroy & Bradford, 14 La. Ann. 806, the court, speaking of a motion to elect between causes of action, said:
“The motion was made after issue joined, was in its nature dilatory, and should have been made in limine litis, if sustainable at all in this action.”
In Lotz v. Folger, 10 La. Ann. 20, it was held that an exception that the pleas were contradictory came too late after answer filed. In Stewart v. Scudder, 10 La. Ann. 216, the court, speaking through Slidell, O. J., said:
“The answer must also be considered as waiving any objections to the joinder of parties and the cumulation of the various matters set up in the petition.”
We conclude that defendant’s motion to elect came too late after the answer filed by him.
It is therefore ordered that the two judgments appealed from be reversed, and it is now ordered that these causes be remanded for trial on the merits and further proceedings according to law.
PROVOSTY, J., dissents.