### No. 9558
### Orleans

---

## MAMIE COLLINS, Appellant, v. CITY OF NEW ORLEANS

---

(October 19, 1925, Opinion and Decree)
(November 30, 1925, Rehearing Refused)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Municipalities—Par. 256, 261.**

Where a bridge over city streets has been condemned as defective and unfit for public use, the public should be warned by barricades securely erected, or by some other method calculated to arrest the attention of the public to the danger involved in the use of the bridge. Where barricades are used they should be so erected as not to be easily removed. A barricade which can be removed by "persons in a hurry to catch a street car" is insufficient and the city will be held liable for personal injuries sustained by a pedestrian using the defective bridge by reason of a loose plank thereon, which tilted and caused the pedestrian to fall, where

it appears that the barricade was not in place at the time of the accident and the pedestrian had no prior knowledge of the defective condition of the bridge.

Appeal from the Civil District Court, Division "F". Hon. Percy Saint, Judge.

This is a suit for damages for personal injuries arising out of defective flooring on a bridge.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

F. S. Normann, of New Orleans, attorney for plaintiff, appellant.

Roland B. Howland, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. Plaintiff was injured in crossing a bridge over the Claiborne canal at Second street. She alleges that as she stepped on one of the planks of the bridge it tilted up and struck her, causing her to fall with considerable violence. She sues the city of New Orleans for $500.00 as damages for personal injuries.

The defective character of the bridge is admitted. In fact, it had been condemned by the city authorities and barricades placed at the entrance of the bridge to prevent the use by pedestrians or other traffic.

The question presented to us is the sufficiency of the barricade. In the first place there is some doubt as to whether the barricades were in place on June 14, 1921, the day of the accident. Chas. Jourger, the foreman of the Department of Public Works of the City of New Orleans, when asked on the witness stand whether the bridge was barricaded before June 14, answered: "Yes, I am pretty sure it was." Be that as it may, there is no doubt in our mind that if the barricades were in place before June 14 they had been removed and were not there on the day, for the evidence is clear to that effect. The evidence also shows that the barricades whenever put in place had been frequently removed, and as one of the witnesses for the city (Mr. Durr) puts it, were often taken down by persons in a hurry to catch a street car. The barricade consisted of planks nailed across the entrance of the bridge. There could not have been many nails for if persons in a hurry to catch street cars could pull the planks down they must have been insecurely fastened or nailed to the uprights or portion of the bridge to which the planks were attached.

Under the circumstances we think the city was negligent in that it failed to place a proper barricade before the entrance to the bridge in order to warn the public of the danger. The plaintiff in common with the general public had a right to presume the bridge was safe for her use and to act upon that presumption.

"The rule is well established in the jurisprudence of this state that a person using a public highway, especially in an incorporated city, has a right to presume and act upon that presumption, that the way is safe for ordinary travel, even at night, and he is not required to be on the lookout for extraordinary dangers or obstructions to which his attention has not been called."

Jacobs vs. Jacobs, 141 La. 285, 74 South. 992.

The barricades should have been more securely erected and such as the circumstances required.

In the case of Holden vs. Toye Bros., et al., 1 La. App. 521, we said:

"The placing of several red lanterns intended as a warning upon a plank loosely supported by wooden horses, situated before a large street excavation, is not sufficient precaution or such reasonable care in the interest of public safety due by one charged with such responsibility in order to warn vehicular traffic of impending danger when it appears that at the time the lanterns were put in place a high wind

was blowing well calculated to destroy the insecure support of the lanterns or danger signals."

See also 29 Corpus Juris, p. 688, 14 La. Ann. 806; Jackson vs. F. & J. B. Schmidt, 14 La. Ann. 806.

We conclude that plaintiff is entitled to recover. As to the quantum, without going into details, we think $350.00 a proper award.

For the reasons assigned, it is ordered that the judgment appealed from be annulled, avoided and reversed, and it is now ordered that there be judgment for plaintiff, Mamie Collins, and against the city of New Orleans in the sum of $350.00 with costs of these proceedings.