OVERTON, J.
 

 Plaintiffs allege, in substance, in the first five articles of their petition, that they sold to defendant, on June 1 and 4, 1926, by four notarial acts, their two-thirds undivided interest in certain properties, located in New Orleans, for prices aggregating $509,000; that, in the first act passed, it is recited that the purchaser paid $90,333.-33% in cash, and gave her note in the sum of $300,000, payable five years after date, in settlement of the purchase price for the property therein conveyed; that, in the three remaining sales, which were passed on June 4, 1926, it is recited that the purchase price in each of them was paid in cash; and that, as a matter of fact, in none of the' four sales was any part of the consideration received, whether in the form of a note or in cash. It is then alleged in those articles that defendant took immediate possession of the property described in the acts, and is still in possession of the same.
 

 In articles 6, 7, 8, and 9 of the petition, plaintiffs allege substantially that they were induced "by promises and representations, made by defendant and the notary, winch were not fulfilled, and did not develop to be true, and which may be characterized as fraudulent, to sign said deeds and acknowledge the receipt of the considerations therein recited, which they would not have done had it not been for the representations made at the time. In the tenth article of the petition, plaintiffs allege that, although defendant has been in possession of the properties described in the deeds for over a year, she has repeatedly refused to pay the considerations therefor, or any part thereof; that it was understood that their total consideration, which aggregated $509,000, was to have been paid in cash, and that she is entitled to recover it.
 

 The prayer of plaintiffs’ petition is that they be awarded judgment for the sum total of the considerations, amounting to said sum of $509,000, with interest thereon.
 

 Defendant excepted to this petition on the ground that the allegations thereof are contradictory, and that some of them, particularly those contained in articles 6, 7, 8, and 9 of the petition are destructive of the relief prayed for, and that plaintiffs should be required to elect between those articles and the first five contained in the petition.
 

 The prayer of the exception is that plaintiffs be required to elect, as indicated above, and, in default of their doing so, that their suit be dismissed.
 

 The trial judge, after hearing the exception, concluded that articles 6, 7, 8, and 9 of the petition are in conflict with the first five articles thereof, and ordered plaintiffs to elect. The judge, being of the opinion that plaintiffs refused to elect, struck from the petition articles 6, 7, 8, and 9 thereof. Plaintiffs excepted to these proceedings, and presented to the trial judge a bill of exceptions, which he signed, and which will be referred to again.
 

 After the trial judge had struck from the petition the articles mentioned, defendant filed an exception of no cáuse of action. This exception,, after hearing had, on what remained of the petition, was sustained and plaintiffs’ suit dismissed.
 

 Plaintiffs apparently do not complain in this court of the ruling made, holding that the allegations of their petition are inconsistent. What they complain of here is that, when they refused to elect, the trial judge, instead of dismissing their petition, virtually elected for them by striking from the petition the articles mentioned, and then sustained an exception of no cause of action on what remained of the petition. The reason why plaintiffs desire to set aside the judgment sustaining the exception of no cause of ac
 
 *621
 
 tion, we gather from their briefs, is that they are somewhat apprehensive of the effect of. that judgment on another suit, relative to the same property, which they apparently have pending.
 

 Defendant, while urging that the rulings of the trial court are correct, also urges that, in fact, plaintiffs elected to strike from the petition articles 6, 7, 8, and 9, and to prosecute their suit on the remaining articles. However, we are unable to hold otherwise than that plaintiffs refused to elect. True, the judgment rendered, sustaining the exception to elect, indicates that plaintiffs did elect, but on the other hand the bill of exceptions presented to the judge and signed by him expressly states, among other things, “that counsel refused to elect, saying he was standing on the petition as written.” Moreover, in the per- curiam attached to the bill, the judge says that he ordered counsel for plaintiffs to elect, but that counsel refused to elect, and then it was that he made his ruling to which he adheres, evidently meaning that he then ordered the articles 6, 7, 8, and 9 to be struck from the petition.
 

 Entertaining no doubt that plaintiffs refused to elect, it is next to be considered whether the court erred in striking from the petition the articles mentioned, when they so refused, instead of dismissing their suit. The court, in proceeding as it did, certainly went beyond the relief prayed for by defendant in her exception, which was that, in the event plaintiffs refused to elect, their suit be dismissed. Moreover, the ruling made is in conflict with article 152 of the Code of Practice, which is to the effect that, if an exception that the petition contains causes of action exclusive of each other be sustained, ' and plaintiff fails or refuses to elect by making the proper amendment to his petition, his suit shall be dismissed. See, also, Baldwin Lbr. Co. v. Delfares, 130 La. 712, 58 So. 519.
 

 As plaintiffs refused to elect there was no alternative but to dismiss their suit, and therefore it was erroneous for the trial judge, instead of dismissing the suit, to strike from the petition several of the articles thereof, and then consider and sustain an exception of no cause of action filed against the remainder of the petition. Since the judge a quo should have dismissed the suit when plaintiffs refused to elect, we shall dismiss it because of that refusal.
 

 For these reasons the judgment appealed from is annulled and set aside, and, since plaintiffs refused 'to elect, their suit is now dismissed for that cause, defendant to pay the costs of this appeal and plaintiffs thnse of the lower court.