McBRIDE, Judge.
Plaintiff, a corporation, has appealed from a judgment dismissing its suit for failure to amend its petition in conformity with the trial court’s ruling sustaining defendants’ exception of improper cumulation of actions. The suit was filed December 9, 1965. Two defendants were impleaded, namely, Kesk, Inc., the general contractor, and Chantilly Corporation, owner of the Carol Apartments which were being erected on property adjoining that of plaintiff. Plaintiff sought to recover judgment for $15,500, the damages allegedly resulting from pile-driving, subsidence, etc., inflicted upon its property during the construction of the subterranean garage and service building by said contractor. Coupled with the claim for damages was a demand for a prohibitory and mandatory injunction
“ * * * requiring defendants to abate the nuisances hereinabove referred to and to remove the wood planking along plaintiff’s property line and refill the trench left thereby, to remove and/or sound proof and/or water proof, the air conditioning tower hereinabove referred to and requiring defendant to cease and desist from interfering with plaintiff’s servitude for a party wall and requiring defendants to conform their wall thereto.”
On February 21, 1966, both defendants filed identical declinatory and dilatory exceptions, viz., lis pendens and improper cumulation of actions. On June 10, 1966, the exceptions were heard by the judge of Division “F” of the court below who, on said date, rendered the following judgment:
“IT IS FURTHER ORDERED, AD-AND DECREED, that the Exception of Lis Pendens be reserved pending plaintiff’s action under the ruling on the Exception of Improper Cumulation of Actions :
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the Exception of Improper Cumulation of Actions be maintained and accordingly plaintiff is ordered to elect which cause of action it will proceed with and to amend its petition within 15 days so as to delete from its original petition all allegations relating to the action which it elects to discontinue.”
Within the 15-day period plaintiff filed an amended and supplemental petition in which no election was made as to which cause of action was to be proceeded with, the petition merely deleting a demand against Chantilly Corporation for an injunction enjoining said defendant’s maintenance of the air conditioning unit, amplifying certain allegations of the original petition, and increasing the amount of damages demanded.
*750 Defendants then moved for a dismissal of the suit on the ground that plaintiff had failed to comply with the judgment ordering an election of which cause of action it wished to pursue. After a contradictory hearing another judge of the court below, on July 29, 1966, rendered the judgment dismissing plaintiff’s suit “without prejudice”.
The first contention of appellant’s counsel is that the amended and supplemental petition meets the requirements of the court order according to counsel’s understanding of the terms thereof. He points out that in compliance with the order as he understood it, he filed the amended' and supplemental petition wherein plaintiff elected not to proceed against Chantilly Corporation for an injunction to restrain the operation of the air conditioning, deleting that portion of its demand against said defendant. Counsel argues that the amended and supplemental petition narrowed its demand for the abatement of the nuisance created by the operation of the air conditioning machinery so that same would only apply against Kesk, Inc., and thus removed the grounds urged in support of the exception of lis pendens.
Plaintiff sought an injunction not only against the operation of the air conditioning machinery, but also to enjoin several other actions of defendants said to be illegal. It developed during the hearing on the exceptions that plaintiff had instituted a prior suit, which was still pending, against Chantilly Corporation, seeking to restrain the maintenance and operation of the air conditioning unit. Unquestionably, the trial judge reserved his ruling on the exception of lis pendens until an election could be made by plaintiff as to which cause of action it intended to pursue, i. e., the demand for a moneyed judgment or for the injunction. No doubt if plaintiff had elected to proceed with its demand for the injunction the court would then have maintained the exception of lis pendens as against that part of the suit seeking an injunction against Chantilly Corporation with reference to the operation of the air conditioning. If the election had been that only the damage suit was to be proceeded with, of course, the exception would have been overruled.
It clearly appears in the second paragraph of the judgment that the exception of improper cumulation of actions was sustained and, accordingly, plaintiff was ordered to elect whether it would proceed with the moneyed demand or for an injunction. If there was any confusion in counsel’s mind with reference to the exception of lis pen-dens and as to the import of the order, he could very well have requested the court for an interpretation thereof and for an extension of time within which to comply therewith.
But, be that as it may, the deletion of the demand for the injunction against Chantilly Corporation as to the operation of the air conditioning machinery still left before the court a suit in which the plaintiff seeks relief in the form of a moneyed judgment and also for an injunction, which two demands the trial court held were improperly cumu-lated. It does appear that the action for the injunction seeks to enjoin a number of acts by defendants, each independent and different from the alleged causes of the monetary damages.
Counsel for appellant argues that in view of the ambiguity he thought existed in the wording of the order the court acted too harshly in dismissing the suit, that the dismissal works an injustice to appellant, and that instead of having its suit dismissed it should have been granted further opportunity- to amend the petition so as to comply with the order to elect. Our answer is that the penalty for noncompliance with an order to amend is the dismissal of the suit, and in this case the judge could have rendered no other judgment under the mandatory terms of the law with reference to the subject matter.
The objection of improper cumu-lation of actions may be raised through a .dilatory exception. The function of such' *751 exception is not to work the dismissal of a pending suit, but simply to retard its progress. C.C.P. arts. 923, 926(7). A judgment of the trial court maintaining a dilatory exception being merely interlocutory in character is unappealable as it makes no decision on the merits of the case and hence does not cause irreparable injury. C.C.P. art. 2083.
The effect of the sustaining of a dilatory exception is set forth in C.C.P. art. 933. When the ground of the objection pleaded in a dilatory exception may be removed by amendment of the petition or other action by plaintiff, the judgment sustaining the exception shall order plaintiff to remove them within a delay allowed by the court; and the suit shall be dismissed only for a noncompliance with this order.
C.C.P. art. 464 also fixes the penalty for noncompliance with an order to amend, which is a dismissal of plaintiff’s suit. The second paragraph of said article reads thus:
“When the cumulation is improper for any other reason, the court may: (1) order separate trials of the actions; or (2) order the plaintiff to elect which actions he shall proceed with, and to amend his petition so as to delete therefrom all allegations relating to the action which he elects to discontinue. The penalty for noncompliance with an order to amend is a dismissal of plaintiff’s suit.”
Even prior to the advent of the Code of Civil Procedure the law of this state was to the effect that when a plaintiff did not comply with an order of court to amend a petition containing an improper cumulation of actions, his suit “shall be dismissed with costs”. See Code of Practice art. 152 and the following cases decided thereunder: Baldwin Lumber Co. v. Delfares, 130 La. 712, 58 So. 519 and Bickmann v. Carbajal, 166 La. 618, 117 So. 738. In the latter case the Supreme Court tersely said: “As plaintiffs refused to elect there was no alternative but to dismiss their suit * * * »
Appellant’s counsel also takes the position that the trial judge incorrectly maintained the exception of improper cu-mulation, but that matter is not before the court on the appeal from the judgment dismissing the suit. This identical proposition was considered in Neal v. Hall, 28 So.2d 131, wherein the court said:
“Neither the merits of the exception nor the correctness of the court’s ruling thereon was brought up by the present appeal. These questions are not now before us. The sole question tendered by the appeal concerns the right and power of the lower court to dismiss the suit, as was done, because its order to amend within a definite period was not obeyed by the appellant.”
See also La Fleur v. Dupuis, La.App., 147 So.2d 724, and Bogan v. Byrom, La.App., 151 So.2d 718, which quoted the above with approval from Neal v. Hall. In the Bogan case our brothers of the Third Circuit also quoted the following language from Neal v. Hall:
“The power of a court to enforce its lawful orders is inherent. But for this power, business before it would often become congested, its functions impaired, and the speedy justice guaranteed by the Constitution to litigants largely denied. Generally, the penalty visited upon a litigant for not complying with a court’s order that has to do with procedure is a stay of proceedings or dismissal of his suit as of non-suit. This latter action restores matters to the status occupied before the suit was instituted and leaves the party free to again come into court with his complaint.”
In support of his argument that the appeal brought up for review the judgment sustaining the exception, counsel cites Miller v. American Mut. Liability Ins. Co., La.App., 42 So.2d 328, decided by the late First Circuit Court of Appeal of Louisiana, whilst the Code of Practice prevailed. The cited case does not appear to be relevant to the issue presented herein and, moreover, *752 the language which appellant seeks to avail itself of is obiter dicta. Quoting from the Miller case:
“In oral argument and in brief, the plaintiffs devoted a large part of their argument relative to the correctness of the lower court’s ruling on the exception of vagueness. We are not called upon to pass on that ruling at this time. The ruling was made by a minute entry; it was an interlocutory decree from which plaintiffs cannot appeal. Had the plaintiffs desired an appeal, they could have refused to amend and then have a written judgment signed dismissing their suit. Then they could have appealed.”
The dismissal of the suit without prejudice (see C.C.P. art. 1673) was proper in view of appellant’s noncompliance with the order of court.
For the reasons hereinabove stated, the judgment appealed from is affirmed.
Affirmed.