331 So.2d 64 (1976)
Eli JACKSON et al.
v.
PARISH OF EAST BATON ROUGE et al.
No. 10652.
Court of Appeal of Louisiana, First Circuit.
April 12, 1976.
John R. Sheppard, Baton Rouge, for appellants.
Steve LeBlanc, Baton Rouge, for appellees.
Before LANDRY, COVINGTON and PONDER, JJ.
COVINGTON, Judge:
This is an appeal by the Parish of East Baton Rouge from an award for personal injuries sustained at approximately 8:00 a.m. on or about March 21, 1973, when Princetta Jackson, minor daughter of the plaintiffs, Eli Jackson and Mary C. Jackson, stepped on a manhole cover in Baton Rouge and it became displaced, causing her to fall several feet into the hole.
The judgment does not allude to the suit by the mother; therefore, it is considered as properly dismissed. However, judgment was rendered in favor of the father in the amount of $734.30, representing the proven special damages, and in favor of the minor "against defendants", *65 in the amount of $2,000.00 for her injuries. Of course, the latter part of the judgment should have been in favor of Eli Jackson, as the administrator of the estate of said minor, Princetta Jackson. As amended, we affirm. The City of Baton Rouge and the Department of Public Works were also made defendants. Those parties neither appealed nor answered the appeal. The judgment is final as to them.
The minor, then 14 years of age, and her cousin, Debra Jackson, who also testified, were walking on Louise Street en route to school. Because of a vehicle coming down the street, they were traveling close to the edge of said thoroughfare. Debra stepped on the manhole cover and safely traversed ithowever, when Princetta stepped on it, the events occurred as set forth in the first paragraph.
A motorist pulled the young lady, who was bleeding, out of the hole. He testified that he saw her step on the cover and disappear, and that the cover was at an angle. Of great significance is the fact that he had lived in the neighborhood for 15 or 20 years, that he was familiar with the problems which had long existed to the cover, stating, Tr. 28:
"When the water pumps it up, when it cocks it up, well it don't set right back down where it's supposed to sit."
And, regarding notification to the proper authorities regarding this defect, he testified, Tr. 30:
"I would say about two years before this girl fell in the hole we was calling in about this hole."
Also, Tr. 28:
". . . (W)e've been calling in trying to get them to come in there and check it, they come whenever they think they want to . . .. He shoves it right back in the same spot and keep going."
An ambulance took her to the emergency room of a hospital, where x-rays were made, a tetanus shot was administered, and bandages applied to her body. Her mother testified that Princetta had a hole in her thigh and a back injury, resulting in her being in and out of bed for about three months, during which time Mrs. Jackson gave her medication, including a painkiller and dressed her wound. On cross-examination, it was brought out that Princetta made about forty-five trips to the doctor for a period of over one year. Doctor Harris's bill was $610.00. Princetta was out of school for 2 or 3 months and had to use crutches when she returned.
In view of the foregoing, we cannot say that the trier of fact committed manifest error; Canter v. Koehring, 283 So.2d 716 (La.1973).
The judgment is amended to award the $2,000.00 for personal injuries to Eli Jackson, the minor's father, as the administrator of her estate.
The defendant-appellant is assessed with any costs of this appeal for which it is liable; likewise, the appellant and the other defendants are assessed with all other costs for which they are legally liable.
AMENDED AND AFFIRMED.