BARRY, Judge.
Plaintiffs minor son was awarded damages for personal injuries and defendant now appeals on liability and quantum.
The record shows that plaintiff’s 13 year-old son was riding his “dirt bike” on the shoulder of Judge Perez Drive in Chal-mette. “Breakaway” fire plugs are located along the shoulder, one of which had previously been demolished causing its pipe to be exposed approximately six inches above the ground.
The youngster testified that while proceeding along the shoulder he observed a tomato can in his path which he avoided and then felt his left foot strike something. He continued a short distance, turned and saw that his foot had struck the exposed base of the fire hydrant. He returned home and his father took him to Chalmette General Hospital where an examination revealed a broken toe which was sutured and set.
The next day the child was taken to Dr. Truman Kerr who determined that the distal portion of the left great toe was cold to the touch, but delayed a decision on amputation until he could determine the extent of the damage and how far gangrene had spread. Approximately five weeks later the child was admitted to Baptist Hospital for amputation of the devitalized and fractured bone and construction of tissue to cover the end of the toe. Eight days of hospitalization ensued after which Dr. Kerr administered treatment as an out-patient until discharged two and one-half months later.
An employee of the St. Bernard Water District candidly testified that prior to the accident he was notified by telephone that the fire hydrant had been knocked down. The employee stated he requested that a crew be dispatched to replace the hydrant, but since no hydrants were in stock, he issued an order to place a barricade over the exposed base. He further testified that he never saw the barricade after he ordered its erection and that there is no follow-up to determine if the barricade was erected nor is there any inspection on a continuing basis if it is erected. The Water District’s em *1250 ployee admitted that barricades were often unlawfully removed by contractors and others. In any event, whether the barricade was, in fact, placed over the exposed pipe or removed after being placed there, it is un-controverted that the base of the hydrant was exposed at the time of the accident. Finally, the employee testified that he remembered receiving telephone calls that the fire hydrant had been knocked down after he ordered the barricade to be erected, but in spite of this notice he failed to determine if a barricade was in place or if another should be put up.
Defendant urges that the Water District acted reasonably to cover the exposed pipe with the alleged installation of a barricade. However, defendant’s only witness could not verify that the barricade which he ordered was actually erected, and if it was, the record is void of any explanation why the base was exposed when struck by the child. Clearly the defendant had a duty to maintain its fire hydrants to protect the public. We conclude that the exposed base of the fire hydrant created a defect or condition which was patently dangerous, or in the nature of a trap, and where a public body (such as this defendant) has actual or constructive notice of the defect, there was a continuing duty to warn and protect the public of the existence of the defect. Garrett v. Sewerage & Water Board of New Orleans, 235 So.2d 164 (La.App. 4th Cir. 1970). Defendants were obligated and had a continuing duty to maintain the barricade until the danger was alleviated. Collins v. City of New Orleans, 3 La.App. 299 (1915); Jacobs v. Jacobs, 141 La. 272, 74 So. 992 (1917).
Defendant also urges that the shoulder of the roadway cannot be used to operate a motor vehicle and to do so constitutes assumption of risk and/or contributory negligence. This roadway is a major thoroughfare in Chalmette and the exhibits in evidence show the shoulder is concrete, approximately twelve feet wide, and extends from the roadway to the adjacent parking lot of Schwegmann’s. The area is traversed by pedestrians, often used for non-emergency situations including parking of vehicles, and is used by vendors of seafood and vegetables. A person using the shoulder has a right to assume that the shoulder is safe and does not contain a dangerous instrumentality or defect such as a protruding and exposed fire hydrant base. See Jackson v. Parish of East Baton Rouge, 331 So.2d 64 (La.App. 1st Cir. 1976); Bustamente v. City of New Orleans, 175 So.2d 404 (La.App. 4th Cir. 1965). Defendant’s actions constitute negligence and was the proximate cause of the accident.
Finally, defendant appeals the trial court’s quantum award. Medical expenses totaled $1,780.29 and $30,000 was granted for pain and residual damage.
The record reflects that this youngster could not sleep during the first two weeks following the accident. Initially the toe was sutured and the physician examined the foot on alternate days for the first week, then every week for four additional weeks. The pain persisted and finally eased somewhat during the fourth and fifth weeks. During the fifth week, the child was admitted to the hospital for amputation and eight days of convalescence.
The child’s father testified that his son was in shock after the accident and described in detail the amount of pain his son suffered. There is also evidence that the youngster was an active participant in sports and possessed above average athletic ability which could be impaired because of the residual condition.
The surgeon testified that the child has a 75% disability of the great toe which affects balance, reduces walking stamina and the ability to push off. Also, the surgery created disfigurement and the stub was extra sensitive.
We are ever mindful of the discretion afforded to the trial judge in awarding damages. Examination of this plaintiff’s status and his injury compels us to conclude that the District Court’s award is appropriate.
*1251 Accordingly, the judgment of the District Court is affirmed and the defendant is to pay all costs of this appeal.

AFFIRMED.