W. H. PATTISON *v.* HIS CREDITORS—On an opposition to a tableau of distribution by GRAY, MACMURDO & CO.

Novation is not presumed; the intention to novate a debt must be clearly deducible from the terms of the agreement, or acts of the parties. In ascertaining the intention, all the attending circumstances must be considered.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Elmore & King*, for *Gray, Macmurdo & Co.*:

The law is well settled, that novation must be express or clearly established. It is never presumed, and the intention to make it, must clearly result from the terms of the agreement.  C. C. 2186.  *Crain* v. *Robert*, 3 N. S. 145.  *Mark* v. *Bowers*, 4 N. S. 95.  *Nolte* v. *His Creditors*, 6 N. S. 176.  *Kempe* v. *Hunt*, 4 L. R. 483.  See also 9 R. R. 276.  11 R. R. 43.  2 Ann. 188.  4 Ann. 509.  5 Ann. 505.

The following authorities, we think, establish the validity of the mortgage claim:

"Where a note was given in part renewal of one secured by mortgage, and was assigned to another, parol evidence is admissible of this fact, and consequently of the right of mortgage resulting from the nature of the claim, the note having been given in payment for the property mortgaged." *Moore* v. *Louallier*, 2 L. R. 572.

"The renewal of a note secured by mortgage, does not extinguish the mortgage, when it provides for such renewal, and where, although the renewal be made in a new name, the debt is the same." *Palfrey* v. *His Creditors*, 8 L. R. 279.

"Where a mortgage is given to secure endorsements to a certain specified amount, which are soon afterwards made, and new notes are without objection taken in renewal of the original ones, with the same endorsement, the endorser can claim the benefit of the mortgage to secure the payment of the new notes over ordinary creditors." *Ory* v. *His Creditors*, 8 L. R. 531.

"A debtor, by giving his note for money which he owes, on open account, or any other contract, does not novate the original debt." *Glasgow* v. *Stevenson*, 6 N. S. 568.  *Walton* v. *Bemiss*, 16 L. R. 140.  *Miller* v. *Municipality No. One*, 5 R. R. 156.

"When, for the convenience of the vendors, notes originally given by vendees are cancelled, and others executed in their place, each for smaller sums, but in the aggregate for the same amount, in the same form, and payable at the same periods, nothing being changed as to the position or obligations of the purchasers, there is no novation. *Citizens' Bank* v. *Tucker*.

*Chilton*, for *M. Cuddy*, appellant:

It has been decided by the Supreme Court, that a novation will result from any act of the creditor, tantamount to an express agreement.  2 An. 180.  4

An. 281. And that court has further decided, that receiving part payment of a note, and taking a new note, payable at a future time, is such an act as the law will consider tantamount to an express stipulation to novate and discharge the original debts. 2 An. 765. This case is directly in point, and the decision of the court in conformity to the rule established in 1 L. R. 527; and in 10 R. R. 412. The same principle is impliedly recognized in the cases of 5 M. (N. S.) 157. 15 L. 434, and 5 An. 508; in which the court decided there was no novation because the original draft was not surrendered. It is also implied in Article 2183, which declares that novation shall take place when no "stipulation of the original obligation remains." If the surrender of the "original obligation" does not come within the meaning of this article, then nothing can, except the payment in cash, which would be absolute payment, according to Article 2127, and not a payment by novation, according to Article 2183.

It is singular that the learned counsel for appellee should have overlooked, not only the fact, that the original note was surrendered to *Pattison*, but all the decisions of the Supreme Court showing the effect of such surrender.

The cases in which the new contracts were not considered as amounting to novation, all show that there was no surrender of the original note, as in case of 5 An. 508; or where the renewal was in conformity to a clause of the original act of mortgage stipulating against novation; as in cases, 6 La. 529, and 8 La. 278, or where the draft or note substituted was by delegation, as regulated by Article of C. C. 2188; and as decided in 4 An. 508; or where the note or draft was given in liquidation of an open account, as in 6 An. 669; and the cases cited by counsel for appellees, in 16 L. R. 140; and in 6 (N. S.) M. R. 567 (where the suit was on a lost note).

In the case, 5 Rob. 156, the facts where wholly different, the question there being whether bills against third persons, handed by the debtor to the creditor for collection, and when collected to be applied to payment of his debts, was a payment or discharge.

The case of *Citizens' Bank* v. *Tucker*, in 6 Rob. 443, turned on the fact that *Robinson* had ratified the act of *Botts*, his agent, in giving the second mortgage (p. 448). That the second mortgage was but a continuation of the first, the new notes were for the same amount, payable at the same time, and in nothing, changed the position of the parties, except by a subdivision of their notes, for the convenience, of the vendors.

In the case of *Ory* v. *His Creditors*, 6 L. R. 529, there was no payment made on the original notes, and the second notes were for the same amount, between the same parties; and as in case of *Citizens' Bank* v. *Tucker*. did not any wise change the position of the parties, and furthermore, were in conformity to a clause in the original mortgage, embracing endorsements and acceptances made and to be made. On this last fact, Judge Martin rested his decision. The decision does not affect the case at bar, and if it did, would be overruled by the later decision, in 2 An. 765, before cited. The case in 8 L. R. 278, was also one in which the original mortgage extended to renewal notes.

In 5 An. 508, the draft was not surrendered.

In 5 An. 509, there was only a case of delegation, and the original notes were not surrendered.

In 2 An. 188, the question was whether a lessor of premises, by failing to enforce her privilege, and having changed the conditions of the lease, without the security's consent, was an extinguishment of her privileges. It resembles in no feature, the case at the bar.

In 2 L. R. 572, the question of novation was not raised, and the original note was not surrendered to the creditor, and the decision of the court turned wholly on the admissibility of evidence.

SLIDELL, C. J. (VOORHIES, J., absent; OGDEN, J., declined sitting.) This case is a contest between two mortgage creditors, *Gray, Macmurdo & Co*, and *Cuddy*. The judgment of the former was first recorded, and the dispute is about an amount of $500, which *Cuddy* contends has been extinguished by novation. The court below decided against him, and he has appealed.

The circumstances were as follows: *Gray, Macmurdo & Co.* held a recorded judgment against *Pattison* and his firm, *Lowe, Pattison & Co.*, desiring indulgence, they made an agreement embodied in the following receipt:

Received, New Orleans, July 17th, 1852, from Messrs. *Lowe, Pattison & Co.* the following described paper, to wit:

*Wm. H. Pattison's* mortgage note, at five month's date from 13th inst. paraphed " *Ne Verretur*" by *John Claiborne*, N. P. for     -     -     $3500 00

*William H. Pattison's* note to order of, and endorsed by *Lowe, Pattison & Co.*, at three month's date from 15th inst., for     -     1000 00

*Lowe, Pattison & Co.'s* draft, one day sight, on *R. Pattison & Co.*, Philadelphia, for     -     -     -     -     -     -     -     -     -     1,279 92

which when paid, and not otherwise, will be credited on the judgment obtained by us against said *Lowe & Pattison* and *Alex. Pattison*, in the Supreme Court of Louisiana.                        *Gray, Macmurdo & Co.* in liquidation.

It is understood that execution shall not be issued, if these obligations above mentioned are punctually paid at maturity.

G., M. & Co.

When the note for $1000 matured, *Pattison* was unable to pay in full, and *Copland*, his agent paid $500 on account of the note, and got *Gray, Macmurdo & Co.* to extend the payment of the balance some ten days. The note of $1000 was delivered to *Gray, Macmurdo & Co.*, and a memorandum was made on it, "this note settled through *R. Copland.*" A new note at ten days, signed by *Pattison* and endorsed in the name of his firm, for $503, was at the same time given to *Gray, Macmurdo & Co.*, which was protested at maturity and remains unpaid. *Copland*, whose testimony was taken, states these facts, and adds, that there was no intention of the parties when the $500 note was given in renewal, that *Gray, Macmurdo & Co.* should give up their mortgage; that Mr. *Bell*, acting for *Gray. Macmurdo & Co.* said nothing at all about giving up the mortgage, and that he did not believe *Bell* had such an intention.

Upon this evidence, we think the district Judge was clearly right in deciding against *Cuddy.*

In questions of this sort, the doctrine is well settled, that novation is not presumed; the intention to make it must be clearly deducible from the terms of the agreement, or acts of the parties. In ascertaining the intention, all the attending circumstances must be considered.

Here the judgment was the main preëxisting obligation, secured by a judicial mortgage of the debtor's property. The notes and bills were mere collaterals, which, "when paid and not otherwise," were to be credited on the judgment. It would be a strained and unbusinesslike view of the agreement, and of the conduct of the parties to say, that *Pattison* paid the $1000 note, when he paid only $500 upon it, and got the ten day's extension by giving the new note for $503. Undoubtedly, the note for $1000 was paid in this sense, that as an obligation to pay money *it* was extinct. But it was not paid in the sense contemplated in the written agreement of July 17th. The payment there meant was an actual payment, not a mere renewal in whole or in part by a new note, made in a spirit of further indulgence to the debtor.

Much stress is laid by the appellant's counsel on the fact, that the note for $1000 was given up when the partial cash payment was made, and the new note taken; and it is said, where a surrender of the original obligation is made and a new one taken, a novation may be implied. But here the judgment was the original obligation, and it was never surrendered. Concede the principle in its fullest extent; and it amounts to no more than this, that the note of $1000 was novated. The question is, was the judgment novated? It is im-

possible to deduce any such intention from the language or the acts of the parties.

See Civil Code, 2181, 2183, 2186. *Short* v. *City of New Orleans*, 4 An. 281. Pothier Oblig., No. 559.

Judgment affirmed; appellant to pay costs of appeal.