APPOLINE RACHEL, WIDOW LANDRY DESLOUCHER, *v.* LOUIS B. RACHEL et al.

The tacit mortgage in favor of a minor cannot be enforced against the purchasers of property of a succession which was sold to pay a community debt, to which the minors' interest was subordinate.

The debt due a community creditor is not necessarily novated by his taking the individual note of the surviving spouse, with mortgage to secure its payment.

It is unnecessary for the Judge to fix the amount of a suspensive appeal bond, nor is it necessary for the appellant to execute bond in favor of a party who has no interest in maintaining the judgment so far as appealed from.

APPEAL from the District Court of the parish of Natchitoches, *Chaplin,* J.
A. H. *Pierson,* for plaintiff and appellee. W. J. *Mamelon,* for defendant and appellant.

LEA, J. The plaintiff seeks to subject property in the possession of the defendant, to the operation of her alleged general and special mortgage under the following circumstances:

In 1841 *Sylvestre Rachel* died leaving a considerable property encumbered with debts.

The evidence does not enable us to say that the estate was absolutely insolvent.

His widow, and partner in community, was appointed administratrix of the estate and natural tutrix of the minor children, issue of her marriage with the deceased, in whose name the succession was accepted, with benefit of inventory.

The widow, in accordance with the provisions of the Civil Code to that effect, caused to be adjudicated to herself a portion of the community property, including that which is the subject of contestation in this case. *Louis Lecarpentier,* one of the largest creditors of the community, made an arrangement with the widow by which he took her individual notes for the amount of his debt, taking at the same time, as additional security, a mortgage upon the property referred to. These notes not being paid at maturity, *Lecarpentier* proceeded by executory process to enforce the payment. The property was seized and sold; and under the title thus acquired, by a subsequent purchase from the vendee, the defendant holds possession.

It is unnecessary to review the proceedings by which the plaintiff in this case has obtained a judgment for $4881 against her mother's estate, together with a recognition of her mortgage upon the property which belonged to her mother, dating from the 15th November, 1851. In our opinion, the plaintiff (whatever may be her claims against her mother and tutrix) should not be permitted to disturb the possession and title of the defendant.

The property, which was community property, was sold to pay a community debt, and the proceeds enured to the benefit of the minors. If there have been any irregularities in the proceedings they are not such as have operated to the disadvantage of the heirs. The debt due to *Lecarpentier,* for which the plaintiff as one of the heirs of *Sylvestre Rachel* was responsible, has been paid at least to the extent of the proceeds of the property in dispute.

In the account, upon which the judgment, now sought to be enforced, was based, this debt due to *Lecarpentier* formed one of the items, and is there charged as paid.

RACHEL
*v.*
RACHEL

It is urged, however, that *Lecarpentier*, by taking the individual note of the tutrix novated the debt, and that all the rights of *Lecarpentier* upon the new obligation were subordinate both to the legal and special mortgage of the minors. It does not. appear that in taking the individual note of the tutrix, *Lecarpentier* intended to abandon his claim upon the succession. Novation will not be presumed " Without an express declaration to that effect by the creditors, or acts tantamount to such a declaration, it can never be held that an original debtor is released." See 4th Annual, 281.

Nothing in the circumstances of this case justifies the conclusion, that *Lecarpentier* intended to do more than, as the price of indulgence, to obtain additional security for the payment of his claim upon the succession.

If, then, there was no *novation*, if the original debt has been paid, or at least liquidated to the extent of the proceeds of the property sold, (and the sale is not shown to have been made at any sacrifice,) it would be inequitable to allow the heirs after having profited by the sale to the full extent of the proceeds realized, to subject the property to the payment of the claims against their tutrix, which was itself subordinate to the claim for which the property was sold.

Our attention has been directed to a motion to dismiss the appeal.

1st. On the ground that the amount of the required appeal bond was not fixed by the Judge granting the appeal.

2d. On the ground that the bond was not given in favor of the party called in warranty.

It is not necessary that the amount of a bond for a suspensive appeal should be fixed by the Judge. The law itself has provided that the bond in such cases shall be for a sum exceeding by one-half the amount for which the judgment is given. C. P., 575.

It was not necessary for the appellant to execute a bond in favor of a party who had no interest in maintaining the judgment so far as appealed from. The motion to dismiss the appeal must therefore be rejected.

It is ordered that the judgment appealed from be reversed, and that there be judgment for the defendant.

It is further ordered that the plaintiff and appellee pay costs in both courts.