### Henry E. Thomas & Co., in liquidation, v. Lusk & Co.

In a suit against an individual partner of a commercial firm, his interest in a particular asset cannot be seized.

The partnership effects cannot be seized under an attachment against a non-resident partner when the domicil of the firm is in New Orleans.

APPEAL from the Third District Court of New Orleans, *Duvignaud, J.*
F. *Perin* and C. *Roselius*, for plaintiffs and appellants. *Elmore & King* for defendants.

Merrick, C. J. *Lusk & Co.* had their domicil in New Orleans, where two of the members of the firm reside. *Rufus B. Lusk*, the other partner, resides in Central America. The action was brought for $6,430 10 for merchandise sold them in the city of New York by *Patrick H. Rooney* and *Joseph A. Boane*, doing business under the style of *Henry E. Thomas & Co.* It is alleged that the goods were sold for cash unless settled for in thirty days by notes for cigars, and eight months for tobacco, payable at New Orleans with exchange on New York, and that defendants failed to deliver the notes within the thirty days. It was further alleged that the goods were obtained on certain representations of the defendants, which are specially set forth.

Petitioners prayed for judgment *in solido* against the defendants, and an attachment against *Rufus B. Lusk* and process of garnishment against sundry firms of this city.

The garnishees answered, showing funds of *Lusk & Co.* in their hands.

The defendants excepted, alleging that a credit of eight months was given them and that the suit is premature, and that they never contracted with *Henry E. Thomas & Co.*, and the plaintiffs have no right to stand in judgment against them.

Rules were also taken by *Lusk & Co.* upon plaintiffs, to show cause why the attachment should not be set aside on the ground that the property of the partnership, which is unable to pay its creditors, cannot be taken to pay the debts of an individual partner, and also to show cause why the defendants should not be permitted to bond the property.

A few days previous to the taking of these rules, the parties entered into the following agreement, viz:

Henry E. Thomas & Co., in liquidation, }
v. } Third District Court of New
Lusk & Co. } Orleans.

Agreement between parties to the above entitled case witnesses, that whereas the defendants have represented to plaintiff's attorney that there is a sufficient amount

of property, money, &c., attached in the hands of *R. B. Sykes* to satisfy the claim of plaintiffs, to wit, $6430 19, with seven per cent. per annum interest, from 7th of November, 1857, and costs of suit, as claimed in plaintiffs' petition ; and whereas, defendants wish to make settlements with other garnishees in the case, who made purchases at the late auction sale of their stock of goods; it is now, therefore, agreed that the attachments in the hands of *Thompson & Barnes, Dyas & Co.,* E. *Conery, Lapene & Ferre, W. Brooke* and *Wheeler & Blake,* be set aside at costs of defendants, if finally cast in the attachment. Defendants to leave in the hands of said *R. B. Sykes,* subject to said attachment, a sufficient amount to satisfy said claim of the plaintiffs.

                   (Signed)                              F. PERIN, Attorney, for plaintiffs,
                                                         LUSK & CO.

New Orleans, January 12, 1858."

This agreement does not waive the right that defendants or any one of them have to move to set aside this attachment, or to bond the property attached, or to set up a claim to the ,same by way of intervention, or any other legal rights or defence against the attachment not embraced in this agreement.

         · (Signed)                                    F. PERIN, Attorney for plaintiffs,
                                                       LUSK & CO."

On the trial of the rules the attachment was set aside, and the rule permitting defendants to bond the property was also made absolute.

In the meantime, the plaintiffs had filed an amended petition denying the truth of the representations made by defendants, upon which they had obtained the merchandise, and alleging the purchase by defendants was fraudulent and void.

Defendants excepted that the amendment was inconsistent with the previous demand and an abandonment of the same as well as the attachment.

Leave was then granted to plaintiffs to withdraw the supplemental petition, and it was further ordered that the case do stand on the original petition. But the court being of the opinion that the filing of the supplemental petition was an abandonment of the original petition and, as a necessary consequence, the withdrawal of the supplemental petition left nothing for the court to determine, dismissed the plaintiffs' demand. The plaintiffs appeal.

The appellee calls our attention to the appeal which is taken to " the judgment setting aside the attachment in the case of petitioners v. *Lusk & Co.,* rendered on the 28th day of January, 1858, dismissing the said suit, and in other orders and decrees of the court by which plaintiffs believe that they have been aggrieved."

It may be that plaintiffs have mistaken the date of the judgment dismissing the action, but as there is no motion to dismiss the appeal, we discover nothing to prevent the examination of all the orders and decrees contained in the record. The whole case must be considered as before us.

The first question presented for our consideration is, whether the District Judge erred in setting aside the attachment on the grounds urged by the defendants.

The suit, it is true, is brought against *Lusk & Co.* as debtors *in solido,* and the attachment is against *Rufus B. Lusk,* one of the partners, and levied upon his interest in a partnership effect. But it appears to us this does not strengthen plaintiffs' case.

If the suit be considered as a suit against *Rufus B. Lusk* individually, then it is clear that the interest of an individual partner in a particular asset cannot be seized in this manner. If the suit be considered as against a co-partnership composed of three members, then the attachment cannot be maintained, because there

is no averment that the domicil of the firm is out of the State of Louisiana or elsewhere than New Orleans, and the authorities are conclusive that where the domicil of the firm is New Orleans, the partnership effects cannot be seized under an attachment against a non-resident partner. If this cannot be done directly, it cannot be done indirectly by seizing the undivided interest of the absent partner in a particular asset of the firm, for this would produce the same result as the seizure of the entire thing. *Monroe* v. *Frosh*, 2 An. 963; *Sherley Escott & Co.* v. *Steamer Bride*, 5 An., 261; *Carvin* v. *Bates*, 10 An. 756; *Smith* v. *McMicken*, 3 An., 319.

We think the reservation in the agreement authorized the motion to set aside the attachment.

The next point for our consideration is the judgment of the court dismissing plaintiffs' action. We are of the opinion that the filing of the amended petition was not such an absolute waiver of plaintiffs' original demand as to put his cause of action out of court, even if it be conceded that the demands were inconsistent. The plaintiffs certainly could not be in a worse condition after they filed their amendment than they would have been if they had embraced both demands in their original petition. In that case they would have had the right to elect which cause of action they would prosecute. C. P., 152. So soon as the objection was made by the defendants to the amendment, plaintiffs elected to prosecute their original demand, as they were entitled to do under the Article of the Code of Practice cited, and this did not operate a forfeiture of the action.

The judgment must therefore be reversed.

It is ordered, adjudged and decreed by the court, that the judgment of the lower court dismissing plaintiffs' demand be reversed, and it is ordered that this cause be remanded for further proceedings according to law, the order of the lower court setting aside the attachment to remain undisturbed; and it is further ordered that the defendants pay the costs of the appeal.