No. 3222

Second Circuit

---

AMOSS v. BURLESON

---

(May 22, 1928. Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Novation—Par. 7, 12.**
Under Art. 2189 of the Civil Code "When a debtor contracts a new debt to his creditor, which new debt is substituted to the old one, which is extinguished," novation takes place.

2. **Louisiana Digest—Novation—Par. 4.**
Although under Art. 2190 of the Civil Code novation is never presumed, nevertheless it is proven where it is irresistibly inferred from the surrounding circumstances.

3. **Louisiana Digest—Bills and Notes—Par. 209.**
An answer to a petition alleging note made and signed by defendant denying same for lack of sufficient information is not an express denial of signature barring defendant from other defenses under Art. 326 of the Code of Practice, but amounts to a general denial.

Appeal from the City Court of the City of Shreveport, Louisiana. Hon. David B. Samuel, Judge.

Action by W. B. Amoss against W. J. Burleson.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Robert Roberts, Jr., of Shreveport, attorney for plaintiff, appellant.

M. T. Monsour and I. Abramson, of Shreveport, attorneys for defendant, appellee.

ODOM, J. This is a suit on a promissory note for $187.40, executed and signed by the defendant, Burleson. The note was given for an undivided one-half interest in a vulcanizing establishment located at municipal number 2026 Texas Avenue, in the City of Shreveport.

The defendant resists the action on the ground that subsequent to the date on which he purchased the undivided half interest in said property, he and the plaintiff agreed to set aside the original sale, the consideration for which was $187.40, for which he gave the note sued on, and

that plaintiff sold to him the entire interest in the property for $300.00, which amount he paid, and that the obligation evidenced by the note sued on was extinguished by novation.

Plaintiff's demands were rejected in the lower court and he has appealed.

## OPINION

We find in the record an instrument under private signature dated January 20, 1927, signed by plaintiff and defendant, which reads, in so far as it is necessary to quote the same, as follows:

"This is to certify that I, W. B. Amoss, have opened for business a tire and vulcanizing shop at No. 2026 Texas Avenue, for the purpose of building, selling and rebuilding tires and tubes for the general trade and have this day sold to Mr. W. J. Burleson, a one-half interest to consist of tools and machinery such as is used in this line of business, casings, tubes and all rebuilding materials * * * Mr. W. J. Burleson secures W. B. Amoss by note for the one-half interest in the shop, and will pay same out at his earliest convenience."

While the consideration for the sale is not mentioned, it is conceded that it was $187.40, for which the note sued on was given.

We find also an instrument in notarial form signed by the same parties, dated June 29, 1927, which recites that—W. B. Amoss—

"* * * does by these presents grant, bargain, sell, convey, and deliver unto W. J. Burleson, a resident of the parish of Caddo, state of Louisiana, the following described movable property, to-wit:"

Then follows a description of the vulcanizing outfit.

"* * * in the premises designated by the municipal number 2026 Texas Avenue, city of Shreveport."

This instrument conveys the entire interest in the property. The consideration expressed is $300.00, represented by one note for said amount secured by chattel mortgage on the property. This act was duly recorded in the chattel mortgage records of the parish. The note described in the latter instrument was fully paid as is evidenced by the following notation written on the face of the record:

"Note for $300.00 secured by this chattel mortgage cancelled Sept. 26, 1927. D. B. Webster, Dy. Clerk."

The defendant, Burleson, testified that he originally purchased a one-half interest in the property, for which he gave the note sued on, but that later another contract was entered into by which he acquired the entire interest therein, as evidenced by the contract of date June 29, 1927. It is his contention, and he interposed the special plea, that the new or second note for $300 given under the new or second contract, represented the consideration for the entire interest in the property, and that the original obligation for the one-half interest represented by the note sued on has been extinguished by novation. As a witness in his own behalf he gave the following testimony:

"Q. Was this subsequent contract, the one in question here, given for the same thing for which the other one was given?
"A. Yes, sir.
"Q. Given to cover the same thing?
"A. Yes, sir.
"Q. The merchandise and articles covered in this contract—were—comprised the entire stock?
"A. Yes."

He was then asked if it was understood at the time the latter agreement was entered into, that the original note was to be destroyed, but testimony on that point was excluded by the court on objection of opposing counsel.

Obligations may be extinguished by novation.

C. C., Art. 2130.

Novation takes place—

"When a debtor contracts a new debt to his creditor, which new debt is substituted to the old one, which is extinguished."

C. C., Art. 2189.

While novation is never presumed (C. C., Art. 2190) we think the intention of the parties to novate the original debt in this case is irresistibly inferred from the surrounding circumstances. The documents found in the record and the testimony show that the original debt was for a one-half interest in certain personal property and that the new note for $300.00 was for the entire interest in the same property. The intention to novate, we think, evidently appears. The two sales involved the same property. The original note was for a one-half interest and the subsequent note for the entire interest. This is not disputed.

In the case of Smith vs. Brown, 12 La. Ann., 299, the court said:

"Novation will not be presumed. It can only be established by express declaration to that effect, by the creditor, or by acts which are tantamount to such declaration."

Rachal vs. Rachal, 11 La. Ann. 687.

In Short vs. City of New Orleans, 12 La. Ann. 299, the court said:

"Courts are bound to weigh with exactness all the attending circumstances of transactions of this kind in order to ascertain whether the parties have really intended to make a novation of their debts and to release the original debtors by the substitution of others."

"Novation is not presumed, but if the surrounding circumstances indicate that the intention of the parties was to novate a debt, it will be so held."

Syllabus, Meyer, Weis & Co. vs. Atkins, 29 La. Ann. 586.

In the case of Patterson vs. His Creditors 9 La. Ann. 228 (230) the court said, speaking of novation:

"In questions of this sort, the doctrine is well settled that novation is not presumed, the intention to make it must be clearly deducible from the terms of the agreement *or acts of the parties*. In ascertaining the intention all the attending circumstances must be considered."

In matters of this kind, the intention of the parties controls, and in the absence of any expression as to the intention of the parties all the circumstances must be considered. We think the facts and circumstances surrounding this case clearly speak the intention to novate.

Counsel for plaintiff contends that the defendant having denied his signature to the note in his answer, and having admitted, as a witness, that he signed it, is cut off from all other pleas.

Code of Practice, Article 326, declares that:

"The defendant whose signature shall have been proved after his having denied the same, shall be barred from every other defence, and judgment shall be given against him without further proceedings."

Plaintiff in his petition alleged that he was the holder and owner of the note "made and signed by said W. J. Burleson."

In answer to that article defendant said:

"That the allegations of article 2 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein."

In order to cut a defendant off from all other defences in a case like this, there must be an express denial of signature.

There is none here. The answer amounts to a general denial, which admits the signature.

See Henderson vs. Alford, 1 La. App. 791.
Bennett vs. Allison, 2 La. App. 419.
Hyde vs. Brown, 5 La. 333.
Beach vs. Wagner, 19 La. 87.
Miller vs. Cohen, 1 La. 488.
Union Bank vs. Succession, 33 La. Ann. 301.

Tesson vs. Gusman, 27 La. Ann. 267.

The judgment appealed from is affirmed with costs.