No. 3657

Second Circuit

CARLILE v. KIMBROUGH ET AL.

(May 20, 1931. Opinion and Decree.)

Goff & Goff, of Arcadia, attorneys for plaintiff, appellee.

J. Rush Wimberly, of Arcadia, attorney for defendants, appellants.

WEBB, J. This suit was instituted by plaintiff against an alleged partnership composed of C. A. Kimbrough and J. T. Huckaby, and the individual members, to recover judgment against them for the sum of $1,230, with interest and costs.

Plaintiff alleged that the partnership was a commercial partnership engaged in the business of buying and selling oil and gas leases, and in drilling a well on one of the leases; that he had furnished wood for fuel used in drilling the well, and that J. M. Bogan, Bob Cooper, Jim Cooper, and R. W. Driggers had been employed in drilling the well; that there was due plain-tiff, for wood furnished, $554.50, and to the respective workmen named, for services rendered, amounts aggregating $675.50, who had assigned their claims to plaintiff.

Plaintiff further alleged that J. T. Huck-aby had guaranteed the payment of the re-spective amounts, and prayed for judgment against the partnership and the individual members in solido, and against J. T. Huck-aby individually, for the aggregate amount of the claims.

Service of process was not had on Kim-brough, but service was made on the al-leged partnership through J. T. Huckaby, and on J. T. Huckaby individually, who filed a motion praying that plaintiff be ordered to elect whether he would proceed against the partnership and the individual members, or whether he would proceed against him individually, which motion was overruled, and Huckaby answered, un-der reservation of his rights in the motion, especially denying that there had been any partnership between him and Kim-brough, and otherwise pleaded, in sub-stance, a general denial.

On trial judgment was rendered against the partnership, as prayed for, and against Huckaby individually for one-half of the amount of the judgment rendered against the partnership, and rejecting plaintiff's demand for judgment against Huckaby in-dividually for the full amount of the claim.

Both plaintiff and defendant Huckaby ap-pealed, but Huckaby has not made any ap-pearance here, and counsel for plaintiff has confined his discussion of the cause prin-cipally to the failure of the court to award him judgment against Huckaby for the full amount claimed.

The statement of the pleading shows that plaintiff cumulated two distinct causes of action, one against the alleged partnership and the individual members, and the other against one of the members, Huckaby, as a guarantor of the partnership debts. Under plaintiff's allegation, the alleged partnership was an ordinary or particular partnership (American National Bank v. Reclamation Oil Ass'n, 156 La. 652, 101 So. 10; Phillips v. Ray, 1 La. App. 584), and it is not suggested that the members of a partnership, which is a distinct entity (Townsend v. Payne, 42 La. Ann. 909, 8 So. 626), may not guarantee the payment of the partnership debts; and it is, we think, apparent that neither of the alleged causes of action was contrary to or exclusive of the other, and, as to Huckaby, the actions were not improperly cumulated (articles 148, 149, Code Prac.). The motion to elect was therefore properly overruled.

Viewing the causes of action as against Huckaby distinctively. we find that the evidence adduced at least established that Huckaby had been held out and had represented to plaintiff and his assignors that he was a partner of Kimbrough in drilling the well, and, without regard to whether or not the evidence established that Kimbrough and Huckaby were in fact partners, the evidence supports the judgment holding Huckaby liable as a partner of Kimbrough ("Partnership," R. C. L., vol. 20, p. 1067, et seq.; Robertson v. De Lizardi, 4 Rob. 300; Houston Canal Co. v. Kopke, 106 La. 609, 31 So. 156); and the only remaining question is whether or not Huckaby was bound otherwise than as a partner of Kimbrough for the debts incurred in drilling the well.

Plaintiff alleged that Huckaby had personally. guaranteed the payment of his claim and the claims of his assignors, and on trial parol evidence was introduced, over the objection of defendant, tending to show that Huckaby had bound himself with the partnership for the payment of the claims, rather than as a guarantor of the partnership debts.

Considering plaintiff's allegation most favorably to him, and that the word "guaranteed" was not used in the sense that Huckaby had bound himself to answer for the debt of another, and that parol evidence would be admissible under the pleadings to show that the promise or agreement of Huckaby was not collateral, yet we do not find that the evidence established that Huckaby bound himself with the partnership. There was some conflict in the evidence relative to what was said by Huckaby, relative to payment of the claims sued upon. However, it clearly appears from the version of plaintiff that the promise or agreement of Huckaby was to be responsible for the debts of another, or to stand as surety for the payment of the debts incurred in drilling the well; and clearly parol evidence was not admissible to prove the promise of Huckaby to pay the debt of another, or to stand as security for the payment of such debt, and, although admitted, the evidence cannot be considered. Article 2278, Civ. Code; Graves v. Scott, 23 La. Ann. 690.

We are of the opinion that the judgment appealed from is correct, and it is affirmed at defendant's cost.