LEE TIRE & RUBBER CO. OF NEW YORK, Inc., v. FREDERICK–PLANCHE MOTOR CO., Inc., et al.

No. 1820.

Court of Appeal of Louisiana. District Circuit.

April 7, 1938.

Ellis & Ellis, of Covington, for appellants.

J. Monroe Simmons, of Covington, for appellee.

DORE, Judge.

The suit is on the last five of a series of six notes for the sum of $232.17 each, dated May 23, 1931, payable monthly in consecutive order from date, signed by the Frederick-Planche Motor Company, Inc., now in receivership, and indorsed by E. J. Frederick, Hebert Frederick, Lawrence C. Frederick, and M. P. Planche, which notes bear interest at the rate of 7 per cent. per annum from date, and provide for 10 per cent. attorney's fees.

The motor company filed an answer admitting the execution of the notes, but alleging payments thereon from time to time. The indorsers filed an exception of no cause or right of action based on the failure of the petition to allege notice of dishonor to them. Plaintiff then filed a supplemental petition alleging that timely notice of dishonor was given the indorsers, and the exception was thereafter overruled. Before the overruling of the exception, plaintiff filed a second supplemental petition in which it alleged that, on September 7, 1929, the indorsers had signed in its favor a guaranty wherein they had guaranteed the payment of any past or future indebtedness of the motor company that might be contracted with plaintiff up to the sum of $5,000; that the notes sued on were given after the execution of said guaranty agreement and while same was in full force and effect. The guaranty agreement was annexed to and made part of this second supplemental petition.

The motor company and the indorsers-guarantors filed a motion to strike out this supplemental petition on the ground that issue had been joined by the filing of an answer by the motor company, and on the ground that the substance of the demand was sought to be changed as the original suit was on notes signed by the motor company and indorsed by the other defendants, while the supplemental petition sought to hold the indorsers on the guaranty agreement as guarantors. This motion was overruled.

The indorsers-guarantors then answered, admitting that they signed the notes sued on, but denying that said notes had been protested and notice of dishonor given them, and they denied any liability on the notes. In answering the second supplemental petition, they admitted signing the guaranty agreement and that this agreement was in full force and effect when the notes herein sued on were given, but they averred that said guaranty agreement was novated, superseded, and canceled by the notes given by the motor company and indorsed by them.

On the trial of the case, there was judgment in favor of the plaintiff and against the defendant motor company for the sum of $598.33, with 7 per cent. per annum interest thereon from May 23, 1931, until paid, together with 10 per cent. additional on both principal and interest unpaid as attorney's fees. The claim against the indorsers-guarantors was rejected. Plaintiff has appealed from that part of the judgment which rejected its claim against the indorsers-guarantors.

At the outset, we do not believe it necessary to discuss the judgment or case in so far as the motor company is concerned in that the amount due on the notes is not in dispute, nor has the defendant motor company appealed from the judgment. We are also of the opinion that the question of whether or not the notes had been properly protested and timely notice of dishonor had been served on the

indorsers has now passed out of the case. The tenor of plaintiff's brief clearly shows an abandonment of their case as against the indorsers as such, and such is clearly manifested by the prayer of their brief. They only pray for judgment in the sum of $618.19, without interest or attorney's fees, but with legal interest from judicial demand and costs. Then the only question presented in this appeal is the liability vel non of defendant guarantors under their agreement of guaranty.

 Then, the objection of the defendants, as indorsers and as guarantors, to the second supplemental petition should first be considered in that after the judge had granted the filing of the same and had overruled the motion to strike out, he recalled his former ruling in his judgment and sustained the motion. Their motion was, at first, correctly denied. Their answer had not been filed; in so far as they were concerned, no issue had been joined, and the trial was not delayed. In so far as the motor company was concerned, it mattered not whether or not the defendants were bound with it as indorsers or as guarantors, and the issue had not been changed as to it, nor was the trial of the case retarded or delayed. The only objection which we can see that the defendants indorsers-guarantors could have offered to this second supplemental petition was a motion to elect if the two demands were separate and distinct demands. Article 148 of the Code of Practice provides for the cumulation of actions, and article 149 prohibits the cumulation of actions when one of them is contrary or precludes the other, but article 152 provides that "when two causes of actions, contrary to and exclusive of each other, have been cumulated in the same demand, the defendant may refuse to plead to the merit until the plaintiff have made his choice as to which of the two he means to proceed with." The Supreme Court has decided in the case of Thomas v. Lusk, 13 La.Ann. 277, that a supplemental petition, though inconsistent with, is not such a waiver of the original demand as to put plaintiff out of court. The plaintiff is not in a worse condition than if he had embraced both demands in his original petition; and in such a case he might elect his cause of action. The Supreme Court has, also, in the case of Maisonneuve v. Dalferes, 133 La. 666, 63 So. 261, decided that the motion to compel the plaintiff to elect as between inconsistent causes of action is a dilatory exception and should be made before answer is filed in the cause. However, in the case of Carlile v. Kimbrough et al., 16 La.App. 490, 134 So. 773, the Second Circuit, Court of Appeal, has decided that "as against partner who guaranteed payment of partnership debts, creditor properly cumulated cause of action against partnership and individual members and cause of action against such guarantor." In the body of the decision, 16 La.App. 490, 134 So. 773, at page 774, the court, through Judge Webb, said, "And it is, we think, apparent that neither of the alleged causes of action was contrary to or exclusive of the other, and, as to Huckaby [the partner and guarantor], the actions were not improperly cumulated." We are, in this case, of the opinion, in so far as the indorsers and guarantors are concerned, that neither of the alleged causes of action was contrary to or exclusive of the other and that the actions were not improperly cumulated; besides this the defendants indorsers-guarantors have failed to take advantage of a motion to elect. The ruling of the lower court allowing the second supplemental petition to be filed and considered was proper and correct and his later ruling recalling the same is erroneous. The agreement of continuing guaranty is therefore the sole issue in the case.

 We now pass to the question as to whether or not this guaranty agreement was novated, superseded, and canceled by the notes given by the motor company and indorsed by the guarantors.

Article 2185 of the Civil Code provides that "novation is a contract, consisting of two stipulations; one to extinguish an existing obligation, the other to substitute a new one in its place." And under article 2189, a form of novation is where a debtor contracts a new debt to his creditor, which new debt is substituted to the old one, and the old debt is thereby extinguished. The question then arises as to whether or not the continuing agreement of guaranty was novated by the guarantors indorsing these notes? The determination of this question leads to the interpretation of the intention of the parties relative to the transaction. It must be borne in mind that novation is never presumed. C. C. art. 2190. It must be clear from the terms of the agreement, or by a full discharge of the original debt. We

have only the testimony of Mr. F. A. Maddox, representative of the plaintiffs, which is to the effect that these notes, and the indorsements thereof by these defendants, were in no way to affect the continuing agreement of guaranty. He positively testified that these notes and indorsements were made and taken for the purpose of removing any question of liability and in no way to replace the guaranty agreement. This testimony was not denied by any of these defendants, guarantors, regardless of the fact that they were residents of the parish and presumed to be present and in court at the trial. His testimony is further to the effect that the notes were taken in order to fix a date of specific maturity of the account. It is to be noted that the notes represented no more value, as far as the indebtedness was concerned. There was no change in the debt, the only change being in the evidence of the debt. Furthermore, in the agreement of continuing guaranty, the guarantors waived any previous division or discussion of the property of the debtor, a condition not found in the notes, and it cannot be presumed that the plaintiff would have relinquished such a right. It has been definitely decided that the debtor's note for an open account does not novate the debt in the absence of an agreement; and that the obtaining of an extension of time and the giving of a new note is no novation. See Hughes v. Mattes, 104 La. 218, 28 So. 1006; Reconstruction Finance Corporation v. Thomson, 186 La. 1, 171 So. 553; Interstate Trust & Banking Co. v. Sabatier et al., La.Sup., 179 So. 80. In this case, the defendants, guarantors, never did request the return of their agreement of guaranty, a fact strongly against them.

Defendants-guarantors contend that "Why indorse notes when plaintiffs held an agreement of guaranty?" The answer is to be found in the testimony of Mr. Maddox, not contradicted, to the effect that it was to remove any question of liability and to have a definite maturity date. The plaintiffs having declared upon this agreement of guaranty, the defendants having admitted the execution of the same, pleading a discharge of the same by novation, the burden of proof then rested upon the defendants to establish this special defense and to show that the novation "clearly" resulted from the terms of the agreement, or that a full discharge of the guaranty was had. This, the defendants have failed to do. The plaintiffs are entitled to recover thereon.

It is contended by the defendants, guarantors, that the contract or agreement of guaranty did not guaranty notes to be given by the defendant motor corporation. We find no merit in this contention in that the agreement positively guarantees the payment "of all indebtedness," and the notes are merely evidences of indebtedness.

There is no dispute as to the amount due, that is, the sum of $598.33, being the amount for which judgment was rendered against the motor company. The plaintiffs pray in their brief that judgment be rendered, with legal interest from judicial demand until paid, and costs, to which they are entitled.

For these reasons, the judgment of the lower court in so far as being in favor of defendants, guarantors, and against plaintiffs is hereby annulled, set aside, and reversed, and it is now ordered, adjudged and decreed that there be judgment in favor of plaintiffs and against defendants E. J. Fredericks, Hebert Fredericks, Lawrence Fredericks, and M. P. Planche, in solido, in the full and just sum of $598.33, with legal interest thereon from judicial demand, until paid, and all costs, otherwise affirmed.

OTT, Judge (dissenting).

I agree with the majority opinion wherein it is held that the indorsers on the notes sued on have been released from liability for the failure to protest the notes and give notice of dishonor to the indorsers. I also agree with the majority opinion on the legal principle that plaintiff had a right to file the second supplemental petition and base its right to recover on the guaranty agreement signed by the indorsers on September 7, 1929, if that guaranty agreement is still in effect. But I respectfully disagree with the holding of the majority that this guaranty agreement is in force and effect.

By signing the guaranty agreement in favor of plaintiff on September 7, 1929, these indorsers, who were the guarantors in that agreement, obligated themselves to pay any past or future indebtedness that the motor company might owe plaintiff up to a fixed amount. On May 23, 1931, when the notes herein sued on were executed,

this agreement of guaranty was in full force and effect, and the guarantors in that agreement were liable to plaintiff for the balance then due it by the motor company on the account, which then amounted to some $1,393. The business relations between the plaintiff and the motor company had then been closed for some time, leaving the motor company still due this balance on its account with plaintiff. In order to close the account, the notes were executed by the motor company for the balance due plaintiff, and these notes were indorsed by the identical persons who then stood liable for the balance on the account under the guaranty agreement. These notes were paid down to the amount herein sued for. No account was claimed by plaintiff against the motor company after the execution of these notes, so far as the record shows.

Plaintiff filed a suit on the notes for the balance due thereon against the motor company and the indorsers on the notes, and said nothing in its original petition about the guaranty agreement. Although more than five years elapsed from the time the notes were signed and the account closed before suit was filed, nothing was ever said about the guaranty agreement, nor did plaintiff ever indicate that it considered the guaranty agreement still in force as security for the payment of the balance on these notes. It was not until the suit was filed and it developed that the indorsers on the notes might not be held liable because of the failure to give them timely notice of dishonor, that the old guaranty agreement was brought forward and made the basis of the plaintiff's claim against the indorsers instead of their liability as indorsers on the notes. Moreover, plaintiff has prosecuted its suit to judgment on the notes against the motor company and now has a final judgment against that company for the balance due on the notes, including interest and attorney's fees called for by the notes.

Obviously, the plaintiff cannot now claim that the balance of the account due it by the motor company was not merged into the notes, and the judgment now held by it against the motor company represents the only debt that company owes it. Therefore, if the indorsers-guarantors are liable to plaintiff, they are liable for the debt represented by the notes which they indorsed, and not for any balance due on open account. Yet we have the anomalous

situation resulting from the judgment now rendered against the guarantors of holding them liable for a balance due on account, while the judgment against the motor company is for the balance due on the notes. The judgment against the motor company includes the balance on the notes, with interest and attorney's fees provided for in the notes, and now a judgment is rendered against the guarantors for the balance due on the account, with interest only at the legal rate and without attorney's fees. Surely, if the guarantors are liable at all, they are liable for the balance due on the notes, with interest and attorney's fees the same as the motor company for whom they are sought to be held as guarantors.

It is true that novation is never presumed. However, even though there is no express intention to substitute the new obligation for the old one, and thereby extinguish it, yet such a result may follow if the circumstances under which the new obligation was entered into and the conduct of the parties relative thereto indicate an intention on their part to discharge the old obligation and substitute the new one in its place. Nor would the fact that the old obligation was not returned by the creditor in itself necessarily indicate an intention to keep the old obligation alive, if all of the other facts and circumstances surrounding the taking of the new obligation leads to the irresistible conclusion that the parties intended to supersede the old obligation by the new one. Amoss v. Burleson, 8 La. App. 359; White Company v. Hammond Stage Lines, 180 La. 962, 158 So. 353.

After the notes were taken for the balance due on the account, there was no more occasion for the guaranty; as before stated, the relations of the parties had ceased for some time, and the account represented the only remaining matter between them that had resulted from their former dealings under the guaranty agreement. When the account was closed by the notes, plaintiff not only had the same persons as security on the notes as it had on the open account, but the debt was then definitely fixed in amount, with a specified date fixed for its payment, and with a higher rate of interest running against the debt than under the open account, as well as attorney's fees provided for in case of forced collection. If the old obligation of guaranty was intended to continue

in effect in so far as it affected the payment of the notes, it could serve no other purpose, and be viewed in no other light, than to guaranty the payment by the guarantors of their liability as indorsers on the notes, which, to say the least, would be a rather unusual situation. It is not to be presumed that the parties intended to create such an unusual and unreasonable situation.

My conclusion is that the trial judge correctly held that the plaintiff's claim must be determined on the notes alone, and as the indorsers were discharged by a failure to give the required notice of dishonor, they cannot be condemned in this suit for the balance due on the notes.

I therefore respectfully dissent.