PRICE, Judge.
In this action plaintiffs seek to recover, under the provisions of a standard fire insurance policy issued by defendant, the costs of repairs to a residence damaged by vandals.
The original plaintiff in the suit was Luther S. Montgomery, who named as defendant American Motorists Insurance Company. Montgomery alleged that he was the owner of the premises at 294 Pennsylvania Street, Shreveport, Louisiana, on March 30, 1969, on which date vandals entered the home and caused damage to the interior amounting to $496.00.
In response to written interrogatories annexed to plaintiff’s petition, defendant, on May 21, 1969, filed a certified copy of the insurance policy, which reflects the name of the insured to be Joe R. Carter. The endorsement changing the name of the insured to Luther Montgomery was issued April 3, 1970, An exception of no right or cause of action was filed by defendant, alleging Montgomery was not a named insured on the date the loss occurred and therefore had no claim under the policy. This exception was sustained by the trial court with leave for plaintiff to amend within ten days. Plaintiff immediately filed a supplemental and amended petition joining Joe R. Carter as plaintiff.
Defendant filed an additional exception of no right or cause of action, alleging that as reflected by the certified copy of a deed of transfer annexed to plaintiff’s supplemental petition, Joe R. Carter sold the insured premises on January 27, 1969, and therefore had no insurable interest on March 30, 1969, the alleged date of the loss. Judgment was signed and filed sustaining this exception and dismissing the suit only as to Carter.
Plaintiff perfected a devolutive appeal to this Court. Joe R. Carter died subsequent to the perfection of the appeal and his only heir, Mae Carter Donellan, was substituted as a party plaintiff in his stead. Mrs. Donellan joined with American Motorists in a motion to dismiss this appeal, which was allowed by this Court on February S, 1970.
On February 10, 1970, the original plaintiff, Montgomery, by ex parte proceeding, submitted a supplemental and amended petition, the filing of which was allowed by the Court. In this petition Montgomery named an additional defendant, Pioneer Mortgage Corporation, and made allegations seeking to establish an agency relationship between Pioneer and American Motorists Insurance Company. Montgomery also contended knowledge on the part of Pioneer Mortgage that the transfer of the property from Carter to Montgomery had been effected prior to the date of the loss, and that this knowledge should be imputed to the insurer, American Motorists. Montgomery further alleges that Pioneer Mortgage was negligent in not having the insurance policy changed into his name after being notified of the change of ownership around March 3, 1969, and asks for judgment against Pioneer, in solido with American Motorists, for the amount of the damages.
On February 17, 1970, American Motorists filed an opposition to the supple *47 mental and amended petition filed on February 10, 1970, and asked that the order allowing the filing of the petition be vacated insofar as this defendant is concerned. This objection to the filing of the petition points out that an exception of no right or cause of action under the policy as of the date of the loss was sustained qn May 26, 1969, and a written judgment to that effect was signed February 11, 1970. It is contended that Montgomery’s exclusive remedy is an appeal from this judgment.
The trial judge ruled that the implead-ing of Carter as a plaintiff was a substitution rather than a joinder, and that Montgomery was in effect removed from the suit. He further held that the appeal by Carter of the judgment sustaining an exception of no right or cause of action and the subsequent dismissal on joint motion of Carter’s heir and defendant had the effect of terminating the entire lawsuit. The Court was of the opinion there was no action to amend on February 10, 1970, when the order was signed allowing the supplemental petition by Montgomery to be filed. Judgment was therefore rendered vacating the order allowing the filing of the supplemental petition and dismissing the demands of Montgomery.
Montgomery has appealed from this judgment, complaining that the Court erred in not allowing the supplemental petition which he contends set forth a cause of action against both defendants.
The trial court was incorrect in disallowing the amended petition filed by Luther Montgomery in his own behalf, as this petition was filed before judgment was rendered on February 11, 1970 dismissing his suit.
In Interstate Electric Co. v. Interstate Electric Co., 6 So.2d 39 (La.App. 2d Cir. 1942), an exception was sustained and leave to amend within thirty days was granted, with no penalty of dismissal having been expressly prescribed for failure to amend within the delay stipulated by the trial judge. Plaintiff’s amended petition, which was submitted four years after the expiration of the time granted for amendment, was allowed, the Court pointing out that abandonment by the plaintiff should not be presumed, since the defendant was equally guilty of laches in failing to file a motion to dismiss. No judgment had been signed dismissing the plaintiff’s suit, and no appeal could be taken by him in the absence of a final judgment; thus the amended petition was timely-
In the instant case, the judgment of the lower Court on May 26, 1969, sustaining the exception of no cause and no right of action and allowing ten days for amendment, was orally rendered and there is no record to enlighten us as to whether the penalty of dismissal was specifically stated by the trial judge to attach at the expiration of the ten days. As we pointed out in the Interstate Electric Company case, supra, “The penalty of dismissal cannot be implied.” Thus the interlocutory judgment of May 26th was not appealable at all until it was finalized by the judgment on February 11, 1970. However, Montgomery submitted his supplemental petition on February 10, 1970; accordingly, the petition was timely, and its initial allowance by the trial court should never have been vacated. In like manner, since the judgment of dismissal was granted on February 11, 1970, it became appealable only as of that date, and the devolutive appeal filed by Montgomery on April IS, 1970, and perfected on April 22, 1970, was timely.
The defendant contends that Montgomery’s joinder of Carter in his supplemental petition filed on May 26, 1969, was in effect a substitution due to the mutually exclusive nature of their interests, and constituted an abandonment by Montgomery of his then pending suit. The insurer represents that, had the plaintiff not intended to abandon, his remedy was to refuse to amend his petition, demand a signed judg *48 ment dismissing his suit, and effect an appeal.
We have not been cited, nor have we found, any case in Louisiana jurisprudence in which a court has summarily termed such a joinder a “substitution” and consequently dismissed the original cause as abandoned. In the case of Slattery Co., Inc. v. F. W. Woolworth Co., 214 La. 876, 39 So.2d 161 (1949), the plaintiff alleged two contradictory causes of action but failed to plead them in the alternative. The Supreme Court reversed a judgment sustaining exceptions of no right and no cause of action and remanded the case, noting that the proper approach was to require the plaintiff to elect which cause of action to pursue. The only difference between this situation and the one presently before us is that the former decision involves one plaintiff with contradictory causes of action while the present case concerns co-plaintiffs with mutually exclusive causes of action. Even more in point with our present situation is the following language from Lee Tire & Rubber Co. of New York, Inc. v. Frederick-Planche Motor Co., Inc., 180 So. 143 (La.App.1938):
“The only objection which we can see that the defendants indorsers-guarantors could have offered to this second supplemental petition was a motion to elect if the two demands were separate and distinct demands. Article 148 of the Code of Practice provides for the cumulation of actions, and article 149 prohibits the cumulation of actions when one of them is contrary or precludes the other, but article 152 provides that ‘when two causes of actions, contrary to and exclusive of each other, have been cumulated in the same demand, the defendant may refuse to plead to the merit until the plaintiff have made his choice as to which of the two he means to proceed with.’ The Supreme Court has decided in the case of Thomas v. Lusk, 13 La.Ann. 277, that a supplemental petition, though inconsistent with, is not such a waiver of the original demand as to put plaintiff out of court. The plaintiff is not in a worse condition than if he had embraced both demands in his original petition; and in such a case he might elect his cause of action.”
LSA-C.C.P. article 647 provides:
“The permissive joinder of two or more plaintiffs or defendants in the same suit is governed by the rules regulating the cumulation of actions provided in Articles 463 through 465.”
LSA-C.C.P. article 464 sets forth the effects of improper cumulation:
“When the court lacks jurisdiction of, or when the venue is improper as to, one of the actions cumulated, that action shall be dismissed.
“When the cumulation is improper for any other reason, the court may: (1) order separate trials of the actions; or (2) order the plaintiff to elect which actions he shall proceed with, and to amend his petition so as to delete therefrom all allegations relating to the action which he elects to discontinue. The penalty for noncompliance with an order to amend is a dismissal of plaintiff’s suit.”
The joinder of the two alternative causes of action without pleading them in the alternative very definitely constituted improper cumulation of parties under LSA-C.C.P. article 463(3). Under the authority of the aforementioned articles, the trial judge, upon motion by the defendant could have ordered separate trials of the actions or forced an election by the plaintiff of which course to pursue. However, as was pointed out in Slattery Co., Inc. (supra), such contradictory allegations do not merely by virtue of their existence embody abandonment or any other basis for sustaining a peremptory exception of no right or cause of action. An exception of mis-joinder is dilatory, not peremptory, and the defendant should not be permitted to defeat an alleged cause of action merely by incorrectly labeling his exception. Such a result is contrary to the established trend away from procedural technicalities which *49 clearly underlies the articles of the Code of Civil Procedure.
By failing to raise the dilatory exception of misjoinder, and permitting resolution of the cause of action urged on behalf of Carter while the merit of Montgomery’s pending cause remained undecided, the defendant has, through waiver, removed any necessity for requiring the trial judge to exercise his option to dismiss or force an election. The result is very probably the same as would have occurred even had the dilatory exception been raised — the alternative causes will be determined in one lawsuit.
Since there was no substitution and no abandonment with the joining of Carter, the district court was in error in refusing to consider Montgomery’s supplemental petition when ruling on the exception of no cause or right of action sustained on May 26, 1969, resulting in dismissal on February 11, 1970. Accordingly, the judgment appealed from is hereby reversed and this cause is remanded to the district court for further proceedings not inconsistent with the views expressed herein.
Costs of this appeal are to be paid by ap-pellee. Assessment of all other costs is to await final determination of this cause.