DANAHY, Judge.
Appellee was injured and her husband killed when their automobile collided with an automobile driven by Henry Greenberg and owned by Carl Gorr. Greenberg, whose negligence was the sole cause of the accident, had no liability insurance. Gorr, however, had liability insurance covering his automobile issued by Hartford Accident and Indemnity Company with liability limits of $10,000/$20,000. Appellee and her husband were insured under a policy issued by appellant which provided uninsured motorist coverage to the extent of $10,000/$20,000 limits of liability. The issue is whether the Gorr automobile was an uninsured motor vehicle within the meaning of the applicable Florida statute requiring uninsured motorist coverage or within the meaning of the uninsured motorist provisions of appel-lee’s policy. The parties agree that the applicable Florida statute is Section 627.727 (1972), prior to amendments in 1973 which added the concept of underinsured motorist coverage.
Appellant brought this declaratory judgment action seeking a determination that there was no uninsured motorist coverage available to appellee and her husband under their policy as a result of the accident in question. After a nonjury trial, the trial judge entered a declaratory judgment for appellee. This appeal followed; we reverse.
Prior to this suit, appellee had filed a negligence suit against Greenberg, Gorr and Hartford seeking damages resulting from the accident. Appellant intervened in that action for the sole purpose of securing its lien for personal injury protection (PIP) benefits paid. The negligence suit was settled by appellee and the defendants named in that suit for the sum of $9,000 and, pursuant to that settlement, appellee executed general releases to all defendants in the suit. Thereafter appellant joined with all the parties to the negligence suit in executing a stipulation for dismissal which recited that “all matters at issue herein have been amicably settled except for . the issue of uninsured motorist coverage between [appellee] and [appellant].”
Thereafter, appellee filed a demand for arbitration under her policy issued by appellant, asserting a claim under the uninsured motorist coverage. The present suit resulted.
The parties put forth competing arguments based upon their interpretations of the legal effect of the settlement with Greenberg, Gorr and Hartford. Appellee contends that the settlement did not determine the issue of coverage under Gorr’s policy with Hartford. That is the meaning ascribed by appellee to the exception in the stipulation for dismissal as to “the issue of uninsured motorist coverage between [ap-pellee] and [appellant].” We gather that there was some question raised in the negligence suit as to whether the driver, Green-berg, had permission from the owner, Gorr, to operate the vehicle. Appellee seems to feel that this issue, which would negate coverage under the Hartford policy issued to Gorr, was not determined in the negligence suit and is present in this suit.
There is no issue here as to coverage under Gorr’s policy with Hartford. Appellant’s complaint in this action alleged that there was liability insurance coverage available to Greenberg and Gorr with respect to the accident in question. Appellee’s answer expressly admitted that allegation. Thus this case is distinguishable from McInnis v. State Farm Mutual Automobile Ins. Co., *137 208 So.2d 481 (Fla. 4th DCA 1968), cited by appellee. In Melnnis, suit was brought against an uninsured driver, the owner of the vehicle, and the owner’s liability insurer. The owner’s insurer denied coverage because of the nonconsented to use of the vehicle by the driver. Notwithstanding, but maintaining its position, the insurer settled with the plaintiffs in that suit for a sum of money which it paid to them. The Melnnis court expressed doubt whether that settlement conclusively established as a matter of law that there was liability insurance coverage of the vehicle, for purposes of determining an uninsured motorist claim. In this case, appellee has simply foreclosed herself from the benefit of that argument by admitting coverage in her pleadings.
Appellant, for its part, argues that appel-lee’s settlement with Greenberg, Gorr and Hartford bars appellee’s claim for uninsured motorist benefits because appellee’s policy expressly excludes coverage when “any person entitled to payment under this coverage shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor.”
Appellee counters with two arguments. First, appellee asserts that appellant’s execution of the stipulation for dismissal of the negligence suit constituted a consent by appellant to the settlement with Greenberg, Gorr and Hartford. Secondly, appellee argues that appellant was not in fact prejudiced by that settlement.
It is unnecessary for us to reach these issues concerning the applicability of the exclusionary clause. We hold that there is no coverage available to appellee under the uninsured motorist provisions of her policy because the Gorr automobile was not an uninsured motor vehicle.
Appellee insists upon use of the words “uninsured motorist,” reasoning that since the driver, Greenberg, was admittedly uninsured, this is a clear case of an uninsured motorist and the uninsured motorist coverage under appellee’s policy applies. We recognize that there is common use of the words “uninsured motorist” in describing the statutorily mandated coverage. Indeed, the statute uses the words “uninsured motorist coverage” to describe the protection which the statute requires an automobile liability insurance policy to provide. However, the statute describes that coverage as “provisions . . . for the protection of persons insured [under automobile liability insurance] who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom.” (Emphasis ours). We interpret this language to mean that if either the owner or the operator of a motor vehicle has liability insurance covering the accident, the vehicle is not uninsured.
The automobile liability policy issued by appellant uses the expression “uninsured automobile” and states that those words include “an automobile or trailer with respect to the ownership, maintenance or use of which there is, in at least the amount specified by the Financial Responsibility Law of the state in which the insured automobile is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile.” We think it is clear that the Gorr vehicle was not an uninsured automobile within the meaning of the policy.
We have found only two cases from any jurisdiction touching on the issue presented here. Both are Florida cases, one from the Fourth District Court of Appeal and one from the Third District Court of Appeal. In McInnis v. State Farm Mutual Automobile Ins. Co., supra, the Fourth District Court of Appeal expressed alternative reasons for its decision that the insureds in the case before it had no claim under their uninsured motorist coverage. The court said that if there was coverage under the owner’s liability insurance, then the offending vehicle was not uninsured despite the fact that the driver had no liability insurance.
*138 The same issue was essential to the holding of the Third District Court of Appeal in Castaneda v. State Farm Mut. Auto. Ins. Co., 348 So.2d 1231 (Fla. 3d DCA 1977) and was resolved in like manner. There, as in this case, the motor vehicle operator had no liability insurance, but the owner had liability insurance covering the accident. The court expressly held that while the vehicle may have been driven at the time of the accident by an uninsured motorist, it was not an uninsured motor vehicle since the owner had liability insurance affording coverage to the insured parties.
We agree with these decisions of our sister courts.
The converse situation, where the operator of a motor vehicle has liability coverage but the owner does not, has been the subject of several decisions holding that in such a case, the motor vehicle is not an uninsured motor vehicle. The leading case so holding is from our First District Court of Appeal. Gordon v. Phoenix Insurance Company, 242 So.2d 45 (Fla. 1st DCA 1970). The Gordon decision was followed in Stordahl v. Government Emp. Ins. Co., 564 P.2d 63 (Alaska 1977) and Fielder v. Amica Mut. Ins. Co., 378 A.2d 1386 (R.I.1977). Accord, Application of Allstate Ins. Co., 26 Misc.2d 859, 207 N.Y.S.2d 645 (Sup.Ct.1960). Allstate Insurance Company v. Chastain, 251 So.2d 354 (Fla. 3d DCA 1971), sometimes cited as arriving at a different result, has been found not to be in conflict with Gordon. Allstate Insurance Company v. Chastain, 263 So.2d 578 (Fla.1972).
Parenthetically, we note that in the Gordon case, the injured plaintiff entered into a settlement with the operator of the motor vehicle and the operator’s liability insurance carrier, though not with the uninsured owner. The court found that the effect of that settlement was yet another reason why the plaintiff was precluded from recovery under his uninsured motorist coverage. The court reasoned that the release of one joint tort-feasor operated as a release of both (that is, both the owner and operator of the offending motor vehicle) and, therefore, the plaintiff was no longer legally entitled to recover damages from an owner or operator of an uninsured motor vehicle. As noted above, the uninsured motorist coverage required by the Florida statute is “for the protection of persons insured [under an automobile liability insurance policy] who are legally entitled to recover damages from owners or operators of uninsured motor vehicles.” Appellee’s policy also speaks of sums which the insured is “legally entitled to recover as damages.” In the case before us, of course, appellee settled with and released both the owner and the operator and thus ended her legal entitlement to damages. Appellant, however, has not asserted the position on this point as set forth in the Gordon case. Therefore, we do not find it necessary to consider that position here.
Reversed with directions to enter judgment for appellant.
BOARDMAN, Acting C. J., and SCHEB, J., concur.